IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>Individual Case No: 2:18-cv-00284-CMR |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**KROGER DIRECT ACTION PLAINTIFFS' STATEMENT
IN SUPPORT OF AN OVERARCHING CONSPIRACY TRACK**

The Direct Action Plaintiffs The Kroger Co., Albertsons Companies, LLC, and H.E. Butt Grocery Company L.P. (the "Kroger DAPs") respectfully submit this Statement regarding the pending briefing on the State AGs' Motion for a Separate Track ("State AGs' Motion"). ECF Nos. 525, 542, 552, & 557.

Last week, the Kroger DAPs filed a Complaint against Defendants in this MDL that concerns the same facts and circumstances at issue in these proceedings and that alleges an overarching conspiracy involving multiple drugs. Opposing the State AGs' Motion, Defendants argue that the Court's drug-by-drug MDL structure prohibits the assertion of claims related to multiple drugs in one Complaint. Because this unreasonable contention may apply to the Kroger DAPs' overarching conspiracy claim, the Kroger DAPs submit this Statement in support of the State AGs' request to the extent that they seek to establish a procedure that allows plaintiffs in this MDL to assert claims related to multiple drugs in one case.

The Kroger DAPs, not unlike the State AGs, allege an overarching price-fixing conspiracy premised on an agreement or understanding among Defendants not to compete for market share, pricing, or sale on the generic drugs that they manufactured. This overarching conspiracy facilitated a number of additional agreements that resulted in alleged collusive price increases by

Defendants – in at least several instances – of more than 2000% on medically essential generic drugs.  These collusive price increases include – but are not limited to – the 18 individual generic drugs that are currently the subject of the pending class actions centralized in this MDL.

In their surreply, Defendants contend that the State AGs cannot file their amended complaint because the Court has not "exempt[ed] them from the existing drug-by-drug structure that this Court established for the orderly progression of the MDL."  ECF No. 557 at 17.  In essence, Defendants argue that the State AGs cannot amend their complaint to allege an overarching conspiracy because the ECF Management Protocol (ECF No. 431) previously established by this Court precludes this cause of action.

We submit that this is an entirely unreasonable position.

The docketing structure established by this Court made complete sense with respect to the class action cases that existed *when the Court adopted that Protocol*.  The Court was confronted with separate complaints alleging only individual conspiracies on individual drugs. There was no reason to provide a procedure for the filing of complaints that alleged conspiracies on more than one drug, because no plaintiff had asserted such a claim.

But that is no longer the case.  Both the Kroger DAPs and the State AGs have determined that the interdependent nature of Defendants' collusion on individual drugs justifies, by operation of law, the assertion of an overarching conspiracy claim encompassing each individual (but related) price-fixing agreement.  (On top of the reasons explained by the State AGs why the individual agreements were interdependent, the Kroger DAPs' Complaint provides additional details demonstrating how the conspiracies were related and interdependent.  *See* Kroger DAPs' Complaint, Case No. 18-284, Dkt. 1, ¶¶ 497—510).

It would be unfair and, we submit, unduly prejudicial to the Kroger Plaintiffs, the State AGs, and other plaintiffs, if Defendants' argument that the Court's ECF Protocol for this MDL had the effect of precluding – as a matter of law but not as a matter of merit – viable conspiracy claims that were not and could not have been contemplated by the Court at the time the procedure was established.

Moreover, Defendants' argument that principles of case management require that the State AGs' (or other plaintiffs similarly situated) single overarching conspiracy must be treated as, in the case of the Kroger DAPs, a number of individual conspiracies is misguided.  We understand that Defendants will argue that discovery on each individual drug must be "siloed," such that a document produced related to (say) levothyroxine would not be deemed produced in proceedings related to (say) amitriptyline or other drugs (and vice versa).  This slice-and-dice approach to managing this litigation is certain to promote inefficiency, generate disputes regarding which documents are produced by Defendants and to whom, and stymie effective discovery of the full usage of Defendants' alleged conduct in this case.

As both the State AG Complaint and the Kroger Complaint allege, the interconnected collusive agreements reached in furtherance of Defendants' overarching conspiracy to cartelize a number of generic drugs involved many of the same individuals who had pricing authority for multiple drugs.  These individuals conspired on certain drugs at the same industry events, in the same private meetings, and even during the same phone calls that they conspired on other drugs.  Plainly, efficiency is not served if these witnesses are deposed dozens of times, with each deposition limited to one drug.  The same is true for document production and other written discovery; the Kroger DAPs anticipate that there will be many communications between the conspirators discussing multiple drugs at the same time.  *See, e.g.*, Kroger DAPs' Complaint,

¶¶ 503—510. Defendants' desired procedure will promote disputes about whether a document can be "unsiloed" and used in a case related to a drug other than the one in which it was produced. There will also be disputes over whether witnesses must be deposed once, eighteen, or thirty times. This hardly provides for efficient case management.

On the other hand, by allowing for a procedure that accommodates overarching conspiracy claims and for discovery related to numerous drugs at once, the efficiencies contemplated by the JPML when it centralized this entire proceeding in one MDL before one Judge can be realized.

For plaintiffs in this MDL to efficiently litigate their claims, discovery on each individual drug should be conducted with respect to all other drugs that are the subject of this MDL. This holds true regardless of whether a plaintiff chooses to assert an individual conspiracy limited to one drug or an overarching conspiracy encompassing many drugs. The coordinated discovery in this MDL among all alleged price-fixed generic drugs will be more efficient for the parties and, because such a procedure will minimize discovery disputes, rather than promote them, we respectfully suggest that it will be more efficient for this Court.

Accordingly, the Kroger DAPs respectfully submit this statement in support of the State AGs' request for a track that permits the filing of overarching conspiracy claims involving multiple drugs.

Dated:  January 30, 2018

Respectfully submitted,

By: _____
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Scott E. Perwin, Esquire
Anna T. Neill, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail:  rarnold@knpa.com
             wblechman@knpa.com
             sperwin@knpa.com
             aneill@knpa.com
             srandall@knpa.com

*Counsel for the Kroger Direct Action Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on January 30, 2018, a true and correct copy of the foregoing Kroger Direct Action Plaintiffs' Statement in Support of an Overarching Conspiracy Track was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

_____
Samuel J. Randall

572981.1

5