UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*Humana Inc. v. Actavis Elizabeth, LLC et al.*<br><br>*The Kroger Co., et al. v. Actavis Holdco U.S., Inc.* | Civil Action Nos.<br><br>18-3299<br><br>18-284<br><br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT LUPIN PHARMACEUTICALS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS KROGER PLAINTIFFS' AND HUMANA, INC.'S OVERARCHING CONSPIRACY CLAIMS**

Defendant Lupin Pharmaceuticals, Inc. ("Lupin") is in an extraordinary position: there is not a single factual allegation against Lupin regarding the alleged overarching conspiracy.[1] Thus, in addition to the grounds cited in the Joint Memorandum on behalf of all Defendants, the Court should dismiss the overarching conspiracy claims against Lupin by Kroger Plaintiffs (*see* Kroger Plaintiffs' Am. Compl. ¶¶ 813-32) and Humana, Inc. ("Humana") (*see* Humana, Inc.'s Am. Compl. ¶¶ 261-72) for the reasons set forth below.

**INTRODUCTION**

Lupin is not even named in all but two of the overarching conspiracy complaints. Only Kroger Plaintiffs and Humana, Inc. allege that Lupin was involved in an overarching conspiracy,

---

[1] Lupin joins in the arguments made in Defendants' Joint Motion to Dismiss Plaintiffs' Overarching Conspiracy Claims and the memorandum of law in support thereof (the "Joint Memorandum").

and neither spends even a sentence explaining how. All they do is repeat the very same allegations Class Plaintiffs made against Lupin in their single-drug conspiracy complaint that was limited only to Pravastatin. In other words, there is no factual allegation that explains how, when, or where Lupin allegedly entered into the overreaching conspiracy. Kroger Plaintiffs and Humana merely allege only that (1) Lupin was involved in trade associations; (2) Lupin's CEO made one statement on one earnings call about her sense of competition in the industry; and (3) Lupin has implemented price increases for Pravastatin. Even if everything in these allegations is true, they say nothing about Lupin's alleged agreement to enter into an overarching conspiracy covering each of the drugs listed in the complaints—only one of which Lupin is even alleged to have sold.

There simply is no allegation that supports an overarching conspiracy claim against Lupin. In these circumstances Kroger Plaintiffs and Humana cannot possibly satisfy their burden under Rule 12. Put more simply, if Rule 12 does not bar this complaint against Lupin, it does not bar any complaint.

## ARGUMENT

### A. Plaintiffs Fail to Allege Any Facts Linking Lupin to an Alleged Overarching Conspiracy.

To survive a motion to dismiss, Plaintiffs' overarching conspiracy complaints must plead sufficient facts, beyond mere labels and conclusions, that demonstrate Lupin's agreement to an overarching conspiracy to fix prices and allocate markets for all of the drugs at issue in each complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (a complaint "requires more than labels and conclusions" and a Sherman Act Section 1 claim, in particular, "requires a complaint with enough factual matter to suggest an agreement"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and do more than show "a sheer possibility that a defendant has acted unlawfully").  More specifically, when a plaintiff attempts to plead an overarching conspiracy, the allegations "must show each Defendant's understanding of the common purpose of the overarching conspiracy." *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2016 WL 8200512 (E.D. Mich. April 13, 2016).  For the reasons set forth in the Joint Memorandum, Kroger Plaintiffs' and Humana, Inc.'s complaints fail to do so.  *See* Joint Memorandum at §§ II.A.; II.B.  To the extent Plaintiffs attempt to plead *any* factual allegations, the allegations are wholly unrelated to Lupin.  For instance, both Kroger Plaintiffs and Humana attempt to show an overarching industry-wide conspiracy through allegations related to (1) investigations by the Department of Justice and State Attorneys General into price-fixing in the generic pharmaceuticals industry; (2) inter-firm communications and competitor contacts; (3) public statements by executives regarding pricing; and (4) a general understanding of an agreed-upon share with respect to the drugs at issue.  For the reasons stated in the Joint Memorandum, these allegations are insufficient to state a claim. *See Twombly*, 550 U.S. at 557 ("parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Hinds Cty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009) (allegations must "plausibly suggest that each Defendant participated in the alleged conspiracy"); *R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499, 1515 (N.D. Ill. 1990) ("In order to properly plead a conspiracy, the plaintiff must allege facts which evince each defendant's agreement to participate in what he or it knew to be a collective venture toward a common goal." (internal quotation marks omitted)).  Moreover, the Complaints are void of any allegations

against Lupin, making it clear that Lupin was not a part of any overarching conspiracy Plaintiffs have attempted to allege.

First, there are no allegations that any Lupin employee communicated with any employee of another generic pharmaceutical company, or that any competitor communicated about Pravastatin, the only drug in the overarching conspiracy complaints that Lupin is alleged to have sold. Plaintiffs do not allege that Lupin attended a single industry dinner or private meeting or exchanged any telephone calls, emails, or text messages with any other Defendant. Plaintiffs allege only that Lupin was active in the Generic Pharmaceutical Association (GPhA) (*see* Kroger Am. Compl., ¶ 157; Humana Am. Compl, ¶¶ 181-82) and the HDMA (*see* Kroger Compl ¶ 159). With that, they plead no fact to show that Lupin's participation in legitimate industry associations equates to an agreement with competitors to fix prices. Second, to the extent the overarching conspiracy allegations in the Kroger Complaint and Humana Complaint rely on Defendants' public statements on pricing (*see* Kroger Compl., § IX.C.; Humana Compl., § VIII), Plaintiffs cite to only one statement by Lupin's CEO stating that it is her "sense that most of [Lupin's] competitors have similar challenges that they have had a lot of competitive pressures, they have had a lot of margin pressures coming out of consolidation and because of the fact that companies have been lacking meaningful product approvals, I think the majority of the industry is looking forward to more approvals when I look at some of our peers in the industry, all of them talk about similar challenges. So one would think that our competitors or peers would be rationale [sic] and be strategic in the way they price products." Kroger Am. Compl, ¶ 195; Humana Compl. ¶ 230. This statement makes clear that it is Lupin's CEO's own "sense" from "look[ing]" at other companies. Nowhere in the alleged statement is evidence of any communication with a competitor, let alone an agreement to enter into an overarching price-

4

fixing conspiracy.  Third, Plaintiffs do not allege that Lupin is being investigated by the Department of Justice or State Attorneys General.  *See* Kroger Am. Compl., § VII; Humana Am. Compl., § VI.  Finally, Plaintiffs have not even alleged an awareness by Lupin of any understanding on agreed-upon shares of the drugs at issue, let alone any statement by Lupin regarding such an understanding or evidencing any intent to participate in any such understanding.  Without more, Plaintiffs have failed to plead Lupin's involvement in any overarching conspiracy.

### B. Plaintiffs Fail to Allege that the Alleged Pravastatin Price-Fixing Agreement Was Part of an Overarching Conspiracy.

Kroger Plaintiffs' and Humana's Complaints borrow allegations from Class Plaintiffs' Pravastatin-specific complaints.  For the reasons set forth in the Joint Memorandum, none of these Pravastatin-specific conspiracy allegations provide support for any broader, overarching conspiracy.  *See* Joint Memorandum at §§ II.C.; II.D.; *see also Auto Parts*, 2016 WL 8200512, at *4 (dismissing complaint because it "merely advance[d] allegations of separate conspiratorial conduct between different Defendants making different parts," which was "not sufficient to plead one, global" conspiracy); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-42(JG)(VVP), 2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011), *report and recommendation adopted*, No. 08-CV-42, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012) (dismissing global conspiracy claim because "the plaintiffs have not provided the court with anything more than the overlap of some of the [ ] defendants in some of the [ ] alleged local conspiracies").  Indeed, neither complaint includes anything more than a conclusory statement that the alleged Pravastatin conspiracy contributed to an overarching conspiracy.  Kroger Am. Compl., ¶ 821; Humana Am. Compl., ¶ 644.  More specifically, none of the alleged statements between competitors involve Pravastatin.  Instead, Plaintiffs have simply repeated Class

5

Plaintiffs' Pravastatin-specific allegations in the context of their broader complaints, without any factual allegation linking those allegations to any overarching conspiracy over the numerous other drugs at issue. Indeed, Lupin is not even alleged to have sold, or to have FDA approval to sell, any of the other drugs at issue besides Pravastatin. Thus, to the extent Plaintiffs have alleged a conspiracy related to this broader set of drugs, Plaintiffs have not alleged how an alleged Pravastatin-specific conspiracy was tied to that overarching conspiracy.

## **CONCLUSION**

Kroger Plaintiffs and Humana, Inc. have not made a single factual allegation that links Lupin to the broader conspiracy they allege. For the reasons set forth above and in Defendants' Joint Memorandum, this is fatal to Plaintiffs' claims, and the overarching conspiracy claims against Lupin should be dismissed.

February 21, 2019

By: */s/ Leiv Blad*

Leiv Blad (*pro hac vice*)
Zarema Jaramillo (*pro hac vice*)
Katie Glynn (*pro hac vice*)
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: 202.753.3800
Fax: 202.753.3838
Email: lblad@lowenstein.com
zjaramillo@lowenstein.com
kglynn@lowenstein.com