**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| **THIS DOCUMENT RELATES TO:** | **Civil Action Nos.** |
| *Humana Inc. v. Actavis Elizabeth, LLC et al.* | No. 18-cv-3299 |
| *Marion Diagnostic Center, LLC et al. v. McKesson Corp. et al.* | No. 18-cv-4137 |
| *In re: State Attorneys General* | No. 17-cv-3768 |
| *Ahold USA Inc. et al. v. Actavis Holdco U.S., Inc. et al.* | No. 18-cv-2641 |
| *The Kroger Co. et al. v. Actavis Holdco U.S., Inc. et al.* | No. 18-cv-284 |
| *West Val Pharmacy et al. v. Actavis Holdco U.S., Inc. et al.* | No. 18-cv-2533 |
| *1999SEIU National Benefit Fund et al. v. Actavis Holdco U.S., Inc. et al.* | No. 18-cv-2401 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZYDUS PHARMACEUTICALS (USA), INC.'S MOTION TO DISMISS PLAINTIFFS' OVERARCHING CONSPIRACY CLAIMS**

Defendant Zydus Pharmaceuticals (USA), Inc. ("Zydus"), by and through undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Overarching Conspiracy Claims ("Motion"), as follows:

# I.  INTRODUCTION

The Overarching Complaints[1] seek to impose on Zydus both (1) direct liability for an alleged price-fixing conspiracy between Zydus and co-defendants Heritage Pharmaceuticals, Inc. ("Heritage") and Teva Pharmaceuticals USA, Inc. ("Teva") involving the drug acetazolamide, and (2) joint and several liability for an alleged "overarching conspiracy" involving between 16 and 36 other pharmaceutical companies and numerous other drugs—many of which Zydus did not and legally could not sell.[2]  While Zydus joins in the Joint Motion to Dismiss the Overarching Complaints, Zydus files the instant Motion in accordance with Section II.1.d of Pretrial Order No. 61 to highlight the specific allegations against it and asks that the Court dismiss the Overarching Complaints as to Zydus to the extent Plaintiffs seek to impose joint and several liability for the alleged overarching conspiracy.

# II.  ARGUMENT

## A.  Standard Of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  To meet this burden, a plaintiff must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.  In other words, the factual allegations in the complaint must be "enough to raise a right to relief above the

---

[1]      As used in this memorandum, the term "Overarching Complaints" refers to the Indirect Reseller Plaintiffs' Amended Overarching Complaint ("IRP Complaint"), No. 18-cv-2533; Humana Inc. Amended Complaint ("Humana Complaint"), No. 2:18-cv-03299-CMR; Direct Purchasers' First Amended Class Action Complaint ("DPP Complaint"), No. 18-cv-02641; Marion First Amended Class Action Complaint, No. 2:18-cv-04137-CMR; Kroger Plaintiffs' Amended Complaint ("Kroger Complaint"), No. 18-cv-284; Plaintiff States' Consolidated Amended Complaint ("States' Complaint"), No. 17-3768; and End-Payer Class Action Complaint ("EPP Complaint"), No. 18-2401.

[2]      In addition to acetazolamide, the Humana and Kroger complaints seek to hold Zydus directly liable for alleged price-fixing conspiracies involving the drugs divalproex ER and pravastatin.

2

speculative level." *Id.*  In the context of a conspiracy claim, the complaint must contain enough factual matter to show that an agreement was made. *Id.* at 556.  Courts are not required to accept legal conclusions couched as factual allegations as true when ruling on a motion to dismiss. *See SigmaPharm, Inc. v. Mut. Pharm. Co., Inc.,* 772 F.Supp.2d 660, 668 (E.D. Pa. 2011).  The specific allegations against Zydus in the Overarching Complaints utterly fail to satisfy this standard.

**B.     The Allegations Against Zydus.**

Across all of the Overarching Complaints, Plaintiffs' factual allegations as to Zydus are extremely limited.  In sum, Plaintiffs allege the following:  (1) Zydus is one of several pharmaceutical companies with a headquarters between New York City and Philadelphia; (2) in 2013 and 2014, unidentified Zydus employees communicated by telephone and text message with unidentified employees from defendants Teva and Heritage; (3) in April and May 2014, Teva employees communicated by telephone, text message, and LinkedIn messages with unidentified employees from defendants Teva and Heritage, allegedly to discuss pricing for acetazolamide; (4) in 2015, an unidentified Zydus employee attended a "Girls Night Out" in Baltimore along with unidentified employees from defendants Citron, Dr. Reddy's, Heritage, and Teva; and (5) certain Zydus employees were members of various industry groups and attended various industry conferences and meetings at which employees from the other defendants were also present. *See, e.g.,* States' Compl. at ¶¶ 82, 88, 94-95, 298-99, 305; IRP Compl. at ¶¶ 179, 182, 184, 186, 188; Humana Compl. at ¶¶ 181-82, 184, 198, 201, 252, 306, 308, 310-11, 317, 411, 413, 639; DPP Compl. at ¶¶ 151, 155, 158-59, 162-63; Marion Compl. at ¶¶ 52-53; Kroger Compl. at ¶¶ 157, 168, 174-75, 226, 245-47, 412-13, 421-36, 719, 724-30, 732, 734, 737-38; EPP Compl. at ¶¶ 109, 142, 153, 168, 234, 350, 355, 436, 441-42, 446, 508.  Each of the

purported single-drug conspiracies involving Zydus allegedly began in 2013-14.

Plaintiffs plead no other substantive factual allegations as against Zydus.  Based on these thin allegations, paired with numerous conclusory statements, Plaintiffs seek to hold Zydus liable for various formulations of an overarching conspiracy involving between 16 and 36 pharmaceutical companies and between 15 and 30 generic drugs.  *See* States' Compl. at ¶¶ 470-605; IRP Compl. at ¶¶ 358-73; Humana Compl. at ¶¶ 761-1729; DPP Compl. at ¶¶ 507-15; Marion Compl. at ¶ 132-35; Kroger Compl. at ¶¶ 812-1081; EPP Compl. at ¶¶ 702-804.

Even if the Court concludes that Plaintiffs have stated a claim for a product-specific price-fixing conspiracy involving acetazolamide—which Zydus does not concede—this is not a sufficient basis to subject Zydus to the extraordinary threat of joint and several liability.

## C. The Overarching Complaints Fail To Sufficiently Plead An Overarching Conspiracy Claim As To Zydus.

The Third Circuit employs a three-factor test to determine whether a series of individual events constitutes a single overarching conspiracy.  *See United States v. Kelly,* 892 F.2d 255, 258-59 (3d Cir. 1989); *see also In re K-Dur Antitrust Litig.,* No. 01-cv-1652, 2016 U.S. Dist. LEXIS 22982 (D.N.J. Feb. 25, 2016).  First, the Court must determine whether a common goal existed among the alleged conspirators.  *See Kelly,* 892 F.2d at 259.  Second, the Court examines the nature of the scheme to determine "whether 'the agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators.'" *Id.* (quoting *United States v. DeVarona,* 872 F.2d 114, 119 (5th Cir. 1989).  Third, the Court must determine whether there is sufficient overlap among the participants in the individual conspiracies.  *See Kelly,* 892 F.2d at 259.  Plaintiffs' factual allegations against Zydus in the Overarching Complaints fall woefully short of satisfying this test.

4

1.     **The Overarching Complaints Fail To Allege Sufficient Facts Showing A Common Goal Existed Between Zydus And The Other Defendants.**

In order to satisfy the first element, the Overarching Complaints must contain factual allegations "that plausibly suggest that each of the defendants was aware of and committed to the essential purpose of the overarching conspiracy." *Precision Assocs. v. Panalpina World Trasp. (Holding) Ltd.,* No. 08-cv-42-JG-VVP, 2011 U.S. Dist. LEXIS 51330, at *104-05 (E.D.N.Y. Jan. 4, 2011) (citing *United States v. Downing,* 297 F.3d 52, 57 (2d Cir. 2002)).  Indeed, it is only after a defendant agrees to a common purpose that it may be held jointly liable for the conduct of its co-conspirators.  *See In re Auto. Parts Antitrust Litig.,* 2016 U.S. Dist. LEXIS 193193, at *404 (E.D. Mich. April 13, 2016).

This case is remarkably similar to *Auto. Parts*.  In *Auto. Parts*, the plaintiffs alleged that the defendants conspired to "fix, raise, and maintain the prices of certain automotive parts sold to Original Equipment Manufacturers ('OEMs')."  *Id.* at *396.  The *Auto. Parts* court rejected the plaintiffs' contention that the defendants engaged in a single conspiracy rather than multiple conspiracies.  *Id.* at *403-06.  Specifically, the court found that "an allegation that a Defendant conspired to fix a particular component is not enough" to establish an inference as to each defendant's knowing participation "in a[n] [overarching] conspiracy to raise, fix, maintain or stabilize the price of auto parts, not just the parts it makes or sells."  *Id.* at *404.

Here, like the defendants in *Auto. Parts*, there are simply no factual allegations sufficient to support a finding that Zydus was aware of a larger conspiracy in the marketplace for generic pharmaceuticals.   Rather than link Zydus to an overarching conspiracy, the Overarching Complaints allege, at most, the possible existence of a product-specific conspiracy involving acetazolamide.[3]  *See* States' Compl. at ¶¶ 88, 298-99, 305; IRP Compl. at ¶¶ 179, 182, 184, 186,

---

[3]        Even the allegations that Zydus engaged in an individual conspiracy regarding acetazolamide are tenuous.

188; Humana Compl. at ¶¶ 181-82, 184, 198, 201, 252, 306, 308, 310-11, 317, 411, 413, 639; DPP Compl. at ¶¶ 151, 155, 158-59, 162-63; Marion Compl. at ¶¶ 52-53; Kroger Compl. at ¶¶ 157, 168, 174-75, 226, 245-47, 412-13, 421-36, 719, 724-30, 732, 734, 737-38; EPP Compl. at ¶¶ 109, 142, 153, 168, 234, 350, 355, 436, 441-42, 446, 508.  Plaintiffs offer nothing more than sheer speculation that Zydus was engaged in an overarching conspiracy for numerous other drugs—many of which it did not even sell.  For example, the Overarching Complaints are devoid of any factual allegations that Zydus had any conspiratorial communications or engaged in any unlawful actions with any of the defendants who do not manufacture or market acetazolamide. Indeed, the only allegation purportedly tying Zydus to the alleged overarching conspiracy is the bald legal conclusion that "[the] agreement between Heritage, Teva, and Zydus was part of an overarching conspiracy of the corporate Defendants named in the Complaint to unreasonably restrain trade in the generic pharmaceutical industry."  States' Compl. at ¶ 305.  However, "conspiracy" is a legal conclusion, and, as explained *supra*, the Court is not bound to accept unsupported legal conclusions as true for purposes of a motion to dismiss.  *See SigmaPharm,* 772 F. Supp. 2d at 668.

As there are no factual allegations in the Overarching Complaints to support an inference that there was a common goal between Zydus and each of the defendants regarding an industrywide conspiracy, Plaintiffs' overarching conspiracy claim against  Zydus necessarily fails as a matter of law.

   2.    **The Overarching Complaints Fail To Sufficiently Allege That The Purported Product-Specific Conspiracy Involving Zydus Was Interdependent With The Other Conspiracies.**

---

Notably, there are no allegations in the Overarching Complaints that sufficiently evince an intent on the part of Zydus to join in any kind of conspiracy.  While the Overarching Complaints specifically allege that employees from Heritage and Teva contacted employees at Zydus for the purpose of entering into a price fixing agreement, there are no direct allegations that anyone at Zydus ever agreed to enter into such an agreement.

Even if the Overarching Complaints sufficiently alleged the existence of a common goal, which they do not, Plaintiffs still would be required to allege sufficient facts showing that the alleged acetazolamide conspiracy involving Zydus was interdependent with the alleged price-fixing conspiracies involving the other defendants and generic drugs.  *See In re K-Dur Antitrust Litig.,* 2016 U.S. Dist. LEXIS 22982, at *76 ("To evaluate interdependence, the court engages in an inquiry focused on 'the extent to which the success or failure of one conspiracy is independent of a corresponding success or failure by the other.'").  To satisfy this burden, Plaintiffs are required to plead the "how, when, or where" the individual drug conspiracies "became connected to each other into one global conspiracy connected by common actors, methods and goals." *Precision Assocs.,* 2011 U.S. Dist. LEXIS 51330, at *95; *see also In re Insurance Brokerage Antitrust Litig.,* 618 F.3d at 332 (explaining that a single conspiracy exists when "the evidence clearly indicated that the defendants would not have undertaken their common action without reasonable assurances that all would act in concert."); *United States v. Kemp,* 500 F.3d 257, 291 (3d Cir. 2007) (finding no interdependence where "neither of these sets of transactions was contingent upon the other.").  Here, there are no facts in the Overarching Complaints to support an inference that the alleged acetazolamide conspiracy involving Zydus, Teva, and Heritage was contingent upon the alleged conspiracies involving the other defendants and drugs, or vice versa.

As explained above, the only specific factual allegations against Zydus in each of the Overarching Complaints involve acetazolamide.  *See* States' Compl. at ¶¶ 88, 298-99, 305; IRP Compl. at ¶¶ 179, 182, 184, 186, 188; Humana Compl. at ¶¶ 181-82, 184, 198, 201, 252, 306, 308, 310-11, 317, 411, 413, 639; DPP Compl. at ¶¶ 151, 155, 158-59, 162-63; Marion Compl. at ¶¶ 52-53; Kroger Compl. at ¶¶ 157, 168, 174-75, 226, 245-47, 412-13, 421-36, 719, 724-30, 732, 734, 737-38; EPP Compl. at ¶¶ 109, 142, 153, 168, 234, 350, 355, 436, 441-42, 446, 508.  Aside

from the unsupported legal conclusion that the alleged acetazolamide conspiracy was somehow part of a larger conspiracy in the generic drug market, there are no allegations in the Overarching Complaints from which it could be gleamed that this alleged conspiracy between Zydus, Heritage, and Teva was interdependent on the alleged other drug-specific conspiracies. Plaintiffs' unsupported legal conclusion that the alleged acetazolamide conspiracy was part of a larger, overarching conspiracy is not sufficient to withstand a motion to dismiss. *See SigmaPharm,* 772 F. Supp. 2d at 668 (explaining that courts do not need to accept legal conclusions as true when ruling on a motion to dismiss). Moreover, the simple fact that Plaintiffs have alleged Zydus was allegedly involved in a price-fixing conspiracy similar to a series of other alleged conspiracies in the same industry is not alone sufficient to demonstrate interdependence. *See, e.g., Precision Assoc.,* 2011 U.S. Dist. LEXIS 51330, at *106 ("While the various local conspiracies alleged in this Complaint may evidence a widespread problem in the industry, the allegations as they presently stand do not demonstrate a global conspiracy by sixty-five defendants."); *Insurance Assocs.,* 618 F.3d at 351 (explaining that allegations of parallel conduct alone "may allege a 'pernicious industry practice,' but they do not plausibly imply an industry-wide conspiracy."). Accordingly, Plaintiffs also fail to sufficiently plead that any individual conspiracy involving Zydus was interdependent with any individual conspiracies involving drugs not manufactured or sold by Zydus.

**3.     The Overarching Complaints Fail To Allege Sufficient Overlap Between Zydus And The Other Defendants.**

Lastly, the Overarching Complaints is devoid of any factual allegations showing sufficient overlap between Zydus and the other defendants. While every defendant need not participate in every transaction, "the mere overlap of some of the defendants in some of the transactions is, on its own, insufficient to establish an overarching agreement." *Auto. Parts,*

2016 U.S. Dist. LEXIS 193193, at *407.

Here, the Overarching Complaints allege only that Zydus conspired with Heritage and Teva regarding the pricing for acetazolamide, yet conclude that there was an overarching conspiracy amongst dozens of defendants regarding dozens of generic drugs.  While Plaintiffs allege the existence of an overarching conspiracy, they plead no facts to establish that there were any agreements amongst the other defendants.  Rather, Plaintiffs simply infer that all of the defendants must have had similar agreements amongst themselves.  The Third Circuit has expressly rejected such an argument.[4]  *See Insurance Brokerage,* 618 F.3d at 327 (holding that similar agreements are insufficient, standing alone, to infer a collective agreement); *Radio Music License Comm., Inc. v. SESAC, Inc.,* 29 F. Supp. 3d 487, 497 (E.D. Pa. 2014) (applying *Insurance Brokerage* and dismissing hub-and-spoke conspiracy claim because the plaintiffs offered nothing more than conclusory legal terms in support of its claim for a hub-and-spoke conspiracy).

The lack of any overlap between Zydus and any defendants other than Heritage and Teva is fatal to Plaintiffs' attempt to allege the existence of an industrywide price-fixing conspiracy for generic drugs.  Accordingly, the Overarching Complaints must be dismissed to the extent they seek to impose liability on Zydus for an overarching conspiracy.

### III.    CONCLUSION

For the foregoing reasons, Defendant Zydus Pharmaceuticals (USA), Inc. respectfully requests that the Court grant its Motion and dismiss the overarching conspiracy claims in each of the Overarching Complaints as to Zydus, with prejudice.

---

[4]    Similarly, Plaintiffs cannot rely on group pleading to allege the existence of an overarching conspiracy. The Overarching Complaints "'must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it.'"  *In re TFT-LCD Antitrust Litig.,* 568 F. Supp. 2d 1109, 1117 (N.D. Ca. 2008) (quoting *In re Carbon Prods. Antitrust Litig.,* 333 F. Supp. 2d 303, 311-12 (D.N.J. 2004)).

Dated:  February 21, 2019

Respectfully submitted,

**ZYDUS PHARMACEUTICALS
(USA), INC.**


*/s/ Jason R. Parish*
Jason R. Parish
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW, Suite 300
Washington, D.C.  20006
Tel.:    (202) 452-7900
Fax:     (202) 452-7989
Email: jason.parish@bipc.com

Bradley J. Kitlowski
**BUCHANAN INGERSOLL & ROONEY PC**
One Oxford Center
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Tel.:    (412) 562-8800
Fax:     (412) 562-1041
Email: bradley.kitlowski@bipc.com

*Counsel for Defendant Zydus
Pharmaceuticals (USA), Inc.*