**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: *The Kroger Co., et al. v. Actavis Holdco U.S., Inc.* *Humana Inc. v. Actavis Elizabeth, LLC et al.* | Civil Action Nos. 18-284 18-3299 ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF
TELIGENT'S INDIVIDUAL MOTION TO DISMISS THE
KROGER AND HUMANA COMPLAINTS AGAINST TELIGENT, INC.**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 3

    A.    Teligent Previously Was Dismissed from the *Econazole* Actions, and Has Moved for Dismissal of the Amended Complaints in Those Actions ................................... 3

    B.    The Allegations Regarding Econazole in the Kroger and Humana Complaints Are Largely Identical to the Allegations in the Econazole-Specific Complaints .......... 4

    C.    There Are Virtually No Other Allegations Regarding Teligent in the Kroger or Humana Complaints, Including No Plausible Overarching Conspiracy Allegations ................................................................................................................ 4

ARGUMENT .............................................................................................................................. 6

    I.    The Kroger and Humana Econazole-Specific and Overarching Conspiracy Claims Fail for the Same Reasons that the *Econazole* Complaints Fail ................ 6

    II.    Even If the Amended Econazole-Specific Claims Were to Survive Dismissal (And They Should Not), the Overarching Conspiracy Claims Would Still Fail ............. 7

        a.    The Overarching Conspiracy Allegations Focus Largely If Not Entirely on the Conduct of Other Manufacturers, Not on Teligent ............................................ 8

        b.    The Few Overarching Conspiracy Allegations that Do Mention Teligent Say Nothing of Substance Regarding It ................................................................... 9

        c.    There Are No Facts Alleged Plausibly Suggesting a Reason for Teligent to Join an Overarching Conspiracy for Products It Does Not Sell ..................... 11

    III.    The Amended Kroger and Humana Complaints Cannot State a Claim Even If Amended, and Dismissal with Prejudice Is Thus Appropriate ............................ 12

CONCLUSION ......................................................................................................................... 12

AMERICAS 98100007

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### CASES

*Bell Atl. v. Twombly* 550 U.S. 544 (2007) ....................................................................11

*Carpenters Health & Welfare Fund v. Kia Enters.*, No. 09-116, 2009 U.S. Dist. LEXIS 61320 (E.D. Pa. July 15, 2009)...................................................................6

*In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 709 (E.D. Pa. 2011) ............7

*Precision Assoc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-CV-42 JG VVP, 2011 U.S. Dist. LEXIS 51330 (E.D.N.Y. Jan. 4, 2011), *report and recommendation adopted*, No. 08-CV-00042 JG VVP, 2012 U.S. Dist. LEXIS 113829 (E.D.N.Y. Aug. 13, 2012)............................................................11

*Prowire LLC v. Apple, Inc.*, No. 17-223, 2017 U.S. Dist. LEXIS 126640 (D. Del. Aug. 9, 2017) ...................................................................................6

*United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015)..................................................11

*Vacaflor v. Pa. State Univ.*, No. 4:13-CV-00601, 2014 U.S. Dist. LEXIS 98541 (M.D. Pa. July 21, 2014)..................................................................6

*Winn-Dixie Stores, Inc. v. Eastern Mushroom Mktg. Coop.*, No. 15-CV-6480, 2019 U.S. Dist. LEXIS 3091 (E.D. Pa. Jan. 8, 2019) ..............................7

iii

AMERICAS 98100007

## INTRODUCTION

Teligent has long played a peripheral role in this litigation.  Teligent is a defendant in only one drug-specific action—*In re Econazole*—and the complaints there previously were dismissed as to Teligent.  *See* October 16, 2018 Opinion ("Op.") at 60-61; *see also* Teligent's Mot. to Dismiss Am. Complaints ("Econazole Motion"), 16-EC-2724 (Feb. 21, 2019) (explaining why the amended *Econazole* complaints should likewise be dismissed).  Teligent is not mentioned (much less named as a defendant) in the overarching conspiracy complaints filed by (a) the State Attorneys General, (b) the IRPs, or (c) Marion, nor is it named as a defendant in the overarching conspiracy complaints filed by the (d) DPPs and (e) EPPs.[1]  It is not a part of any of the state or federal investigations. Op. at 61.  And Teligent is not plausibly alleged to have had opportunities to conspire with the other defendants in this MDL, much less to have done so.  *See id*. at 60-61.

Nonetheless, Teligent is named as a defendant in complaints filed by The Kroger Co., et al. ("Kroger") and Humana, Inc. ("Humana"),[2] presumably because these complaints incorporate allegations from the individual "drug-specific" actions in this MDL, including *Econazole*.  But the

---

[1]    *See* Plaintiff States' Consolidated Amended Compl., *Connecticut v. Actavis Holdco U.S., Inc.*, 17-cv-3768 (June 15, 2018), ECF 14 (no mention of Teligent); IRPs' Am. Overarching Compl., *West Val Pharm.*, 18-cv-2533 (Dec. 21, 2018), ECF 4 (same); First Am. Compl., *Marion Diagnostic Center LLC v. McKesson Corp.*, 18-cv-4137 (Dec. 21, 2018), ECF 22 (same); DPPs' First Am. Class Action Compl. ¶¶ 77, 130, *Ahold USA, Inc. v. Actavis Holdco U.S., Inc.*, 18-cv-2641 (Dec. 21, 2018), ECF 11 (listing Teligent as an alleged non-defendant "co-conspirator" without any factual allegations regarding it other then simply noting that one of the members of Teligent's Board of Directors worked at Mylan from 1998-2002 and Valeant from 2008-10); EPP Class Action Compl. ¶ 179, *1199SEIU National Benefit Fund v. Actavis Holdco US, Inc.*, 18-cv-2401 (June 7, 2018), ECF 1 (Teligent mentioned only as another manufacturer of Econazole); *see also* Op at 5 n.19 (Teligent not generally named in the overarching conspiracy complaints filed to that point).

Teligent is named as a defendant in the United HealthCare complaint just transferred to this Court. Complaint and Demand for Jury Trial, *United HealthCare Services, Inc. v. Actavis HoldCo U.S., Inc.*, 19-cv-00121 (Jan. 16, 2019), ECF 1.  That complaint is modeled closely on the Kroger and Humana Complaints, and Teligent intends to move for dismissal at the appropriate time for the same reasons.

[2]    *See* Amended Complaint ("Kroger Am. Compl."), *The Kroger Co. v. Actavis HoldCo U.S., Inc.*, 18-cv-284 (Dec. 21, 2018), ECF 36; Amended Complaint ("Humana Am. Compl."), *Humana v. Actavis Elizabeth, LLC*, 18-cv-03299 (Dec. 21, 2018), ECF 30.

Kroger and Humana complaints offer no plausible basis to implicate Teligent in any conspiracy—whether overarching or Econazole-specific—and both complaints should therefore be dismissed.

The only factual allegations against Teligent in these complaints are barebones versions of the allegations in the *Econazole* complaints,[3] and these allegations thus fail for all the same reasons as those complaints.  *See* Op. at 60-61; Econazole Mot. at 8-20.  Nor can Kroger and Humana overcome dismissal by alleging the conclusion that Teligent participated in an "overarching" conspiracy.  There are no plausible allegations that Teligent conspired regarding <u>anything</u>; whether the alleged conspiracy is broad or narrow, Teligent cannot plausibly be alleged to have joined it. Moreover, it would be implausible indeed to suggest that Teligent conspired to fix the prices of drugs it did <u>not</u> sell when, as above, it cannot even be plausibly alleged to have fixed the price of the one drug it <u>did</u> sell.  Dismissal of all of the Kroger and Humana claims is therefore appropriate.

Indeed, the overarching conspiracy claims against Teligent are so thinly-pled that they should be dismissed <u>even if</u> the Econazole-specific claims are allowed to proceed.  Teligent incorporates by reference the arguments in Defendants Mem. of Law in Support of Mot. to Dismiss Plaintiffs' Overarching Conspiracy Claims ("Joint Def. Mot."), 16-md-2724 (Feb. 21, 2019).  But in addition, these claims must be dismissed as to Teligent because Kroger and Humana do not make any serious effort to implicate Teligent in any such overarching conspiracy.  Outside of allegations copied from the *Econazole* complaints, Teligent's name barely even appears in the Kroger and Humana complaints—and even then the few passages that do mention Teligent say almost nothing about it.  And Teligent would have had no reason to join such a conspiracy here. The overarching conspiracy claims must therefore be dismissed as to Teligent.

---

[3]    Consol. Am. DPP Class Action Compl. ("DPP Am. Compl."), 16-EC-27241 (Dec. 21, 2018), ECF 81; Consol. Am. EPP Class Action Compl. ("EPP Am. Compl."), 16-EC-27242 (Dec. 21, 2018), ECF 133; IRP's Consol. Am. Class Action Compl. ("IRP Am. Compl."), 16-EC-27243 (Dec. 21, 2018), ECF 32.

AMERICAS 98100007

# BACKGROUND

A.   **Teligent Previously Was Dismissed from the *Econazole* Actions, and Has Moved for Dismissal of the Amended Complaints in Those Actions**

In August 2017, groups of DPPs, EPPs, and IRPs (collectively the "*Econazole* plaintiffs") each filed consolidated complaints in the various "drug-specific" cases of this MDL, including *In re Econazole*. Each of these cases involves allegations that a small group of defendants conspired to fix the price of one specific drug, such as Econazole. Teligent was named as a defendant only in *In re Econazole*—it is not a defendant in any other drug-specific case in this MDL.

*In re Econazole* was one of the six "Group 1" cases for which defendants moved to dismiss. On October 16, 2018 this Court held that these Group 1 complaints could proceed, with one exception: The Court dismissed the claims against Teligent,[4] noting that (a) Teligent's pricing was not truly parallel to the pricing of its competitors,[5] (b) Teligent had not received subpoenas or otherwise been a part of any government investigation,[6] (c) Teligent was not alleged to be a member of any trade association,[7] and (d) Teligent was not alleged to have attended industry social events and thus did not have the same opportunities to conspire as other defendants.[8]

---

[4]   Op. at 60 ("However, for one Defendant—Teligent—the Court concludes that the relevant Plaintiffs' allegations of an opportunity to conspire fall short of making plausible the contention that it had an opportunity to conspire with other Defendants."); *id.* at 60-61 ("Viewed in the context of the timing of Teligent's econazole price increases (which are alleged to have peaked several months after those instituted by either Perrigo or Taro) and given the absence of any allegation that Teligent has received a subpoena or has been specifically touched by a government investigation, the Court finds that econazole Plaintiffs have not sufficiently alleged that Teligent had an opportunity to conspire with the other econazole Defendants.").

[5]   *Id.* at 53 (Teligent "follow[ed] several months behind" and "did not precisely match the alleged price increases by either Perrigo or Taro").

[6]   *Id.* at 22 ("There are no allegations in the econazole complaints that Teligent received subpoenas"); *id.* at 61 (Teligent not "specifically touched by a government investigation").

[7]   *Id.* at 27 ("Only Teligent is not alleged to have been a regular member of any trade association"); *id.* at 29-30 (Teligent "not alleged to have been a member of any trade association"); *id.* at 60 (Teligent not "alleged to have had board representation with any relevant trade association").

[8]   *Id.* at 60 ("There are no allegations that Teligent representatives attended any industry-sponsored social gatherings").

AMERICAS 98100007

On December 21, 2018 the *Econazole* plaintiffs each filed amended complaints seeking to overcome this dismissal.  Because these plaintiffs cannot plausibly allege that Teligent had the same "opportunities to conspire" as other defendants, the amended *Econazole* complaints instead seek to rely on alternative allegations based on, *inter alia*, Teligent's hiring of personnel with prior industry experience, the attendance of Teligent employees at trade conferences, or Teligent's alleged "motive" due to its introduction of new competitive products.  Teligent has separately moved to dismiss these amended *Econazole* complaints.  *See* Econazole Motion at 8-20.

**B.      The Allegations Regarding Econazole in the Kroger and Humana Complaints Are Largely Identical to the Allegations in the Econazole-Specific Complaints**

The allegations regarding Econazole (and thus regarding Teligent) in the Kroger and Humana complaints are largely excerpted from the *Econazole* complaints, and thus suffer from the same defects as those complaints.  *See* Op. at 60-61.  Kroger and Humana accordingly each responded to this Court's October 16, 2018 dismissal by amending the Econazole-related portions of their complaints in largely the same ways as did the *Econazole* plaintiffs.[9]  *See* Kroger Am. Compl. ¶¶ 472-517 & Count Thirteen, Humana Am. Compl. ¶¶ 522-536 & Counts LI-LV.

**C.      There Are Virtually No Other Allegations Regarding Teligent in the Kroger or Humana Complaints, Including No Plausible Overarching Conspiracy Allegations**

Outside of the Econazole-specific allegations, Teligent is barely mentioned in the amended Kroger and Humana complaints, and in particular is not plausibly alleged to have played any role in any overarching conspiracy.  *See* Kroger Am. Compl. Count One; Humana Am. Compl. Counts

---

[9]      While the amended *Econazole* complaints allege that three companies (Perrigo, Taro, and Teligent) made up all or virtually all of the alleged Econazole market during the relevant period, Kroger and Humana allege on information and belief that a fourth company, Fougera, was also in the market and allegedly conspired.  *Compare* DPP Am. Compl. ¶ 90; EPP Am. Compl. ¶¶ 74(c, e, g-i), 90; IRP Am. Compl. ¶¶ 63(c, e, g-h), 78 *with* Kroger Am. Compl. ¶ 488; Humana Am. Compl. ¶¶ 523, 530.  However, neither Kroger nor Humana offers any facts to support the allegation that Fougera (or its parent company Sandoz) even <u>sold</u> Econazole during the relevant time period—much less that it did so pursuant to a conspiracy.

4

CVI-CX.  Econazole-related claims make up 54 of the 1,081 paragraphs in the Kroger Complaint, and 59 of the 1,729 paragraphs of the Humana Complaint.  *See* Kroger Am. Compl. ¶¶ 472-517, 922-29; Humana Am. Compl,. ¶¶ 522-536, 1201-44.  Beyond the Econazole-specific allegations, and excluding the boilerplate (e.g., that Teligent is a Delaware corporation), Teligent is otherwise mentioned just six times across the two complaints:

(a) Once to allege that Carole Ben-Maimon, at the time an <u>Impax</u> employee, was on the board of directors of the GPhA trade association in 2014, worked with Teligent's CEO on a supply agreement, and in 2016 (i.e., after the events at issue here) would ultimately join Teligent's board of directors (Humana Am. Compl. ¶ 182 n.48); *see also* Econazole Motion at 12-13 (explaining how hiring personnel with industry experience does not suggest that a company might have conspired with the prior employers of those individuals);

(b) Twice to note that Teligent's CEO and CFO made public statements that this Court already held were not reliable plus factors to support a conspiracy claim[10] (Kroger Am. Compl. ¶¶ 222-24; Humana Am. Compl. ¶¶ 248-49); and

(b) Three times to include Teligent in lists of all defendants—identifying it only as an "Additional Conspirator"—and to make general allegations of an overarching conspiracy that fail to implicate Teligent as discussed below (Kroger Am. Compl. ¶¶ 22, 817, 821).

---

[10]  Op. at 64-65 n.295 ("While some of the statements alleged in Group 1 Plaintiffs' complaints may be suggestive of a conspiratorial purpose or state of mind, many appear to be equally consistent with passive or reflective observations and opinions. Ultimately, the Court declines to rely on these allegations in reaching its conclusion with respect to whether Group 1 Plaintiffs have sufficiently alleged a Sherman Act claim based on circumstantial evidence.").

AMERICAS 98100007

## ARGUMENT

**I.    The Kroger and Humana Econazole-Specific and Overarching Conspiracy Claims Fail for the Same Reasons that the *Econazole* Complaints Fail**

The Econazole-specific claims of the Kroger and Humana complaints are almost entirely excerpted from the amended *Econazole* complaints, and therefore must be dismissed as to Teligent for all the same reasons.  *See* Kroger Am. Compl. ¶¶ 472-517, 922-29, Count Thirteen; Humana Am. Compl,. ¶¶ 522-536, 1201-44, Counts LI-LV; Op. at 60-61; Econazole Motion at 1-8.  This is true, moreover, notwithstanding that Kroger and Humana allege on information and belief that there was a fourth "conspirator," Fougera, that the *Econazole* plaintiffs say was not on the market at the time.  *Compare* Kroger Am. Compl. at ¶ 488 (alleging Fougera's participation); Humana Am. Compl. ¶¶ 523, 530 (same) *with*  DPP Am. Compl. ¶ 74 (alleging that Perrigo, Taro, and Teligent made all or virtually all of the sales in the market); EPP Am. Compl. ¶ 71 (same); IRP Am. Compl. ¶ 81 (same).  As this Court previously held, and as shown in Teligent's separate motion to dismiss, there are no plausible allegations that Teligent conspired with <u>anyone</u>.  Thus, whether Teligent did not conspire with Perrigo and Taro, or did not conspire with Perrigo, Taro, and Fougera, the relevant point is that Teligent did not conspire.[11]  *See* Op. at 60-61; Econazole Motion at 8-20.  The Econazole-related claims of the Kroger and Humana complaints thus all fail.

---

[11]    There is also no plausible allegation that Fougera (or its parent company Sandoz) even sold Econazole during the relevant period.  While a plaintiff may plead facts on "information and belief" if it lacks reasonable access to the facts it seeks to allege, *see, e.g.*, *Prowire LLC v. Apple, Inc.*, No. 17-223, 2017 U.S. Dist. LEXIS 126640, at *12-13 (D. Del. Aug. 9, 2017), here Plaintiffs have access to, and indeed make extensive use of, the data they would need to determine whether Fougera sold Econazole, and at what price—and that access presumably extends to Kroger and Humana.  *See, e.g.*, Kroger Am. Compl. ¶ 483-87; Humana Am. Compl. ¶¶ 529-30; DPP Am. Compl. ¶ 77-94; EPP Am. Compl. ¶¶ 74-90; IRP Am. Compl. ¶¶ 63-78.  And even relying on information and belief requires alleging some facts to support the allegation.  *See Carpenters Health & Welfare Fund v. Kia Enters.*, No. 09-116, 2009 U.S. Dist. LEXIS 61320 (E.D. Pa. July 15, 2009) (plaintiff must offer "specific facts in support of" allegations); *Vacaflor v. Pa. State Univ.*, No. 4:13-CV-00601, 2014 U.S. Dist. LEXIS 98541, at *15-16 (M.D. Pa. July 21, 2014) (a plaintiff proceeding on "information and belief" must allege facts "to support [his] belief").  But, at bottom, this implausible allegation is irrelevant to the plausibility of the allegations against Teligent—as Teligent

Nor can the overarching conspiracy allegations against Teligent stand if the Econazole-related claims are dismissed (as they should be).  Kroger Am. Compl. Count One; Humana Am. Compl. Counts CVI-CX.  It is implausible in the extreme to suggest that Teligent might have conspired to fix the prices of numerous drug products it did <u>not</u> sell when Teligent cannot even plausibly be alleged to have conspired with respect to the one product it <u>did</u> sell.  And the fundamental flaws in Plaintiffs' allegations against Teligent are the same whether the alleged conspiracy is specific to Econazole or is instead "overarching"—regardless of the scope of the "conspiracy," Teligent cannot plausibly be said to have been a part of it.  *See* Op. at 60-61; Econazole Motion at 13-15.  The overarching conspiracy claims in the Kroger and Humana complaints should therefore also be dismissed.

## II.    Even If the Amended Econazole-Specific Claims Were to Survive Dismissal (And They Should Not), the Overarching Conspiracy Claims Would Still Fail

Indeed, Kroger's and Humana's overarching conspiracy claims would fail as to Teligent <u>even if</u> the Econazole-related claims were to survive dismissal.  Kroger Am. Compl. Count One; Humana Am. Compl. Counts CVI-CX.  As explained in more detail in the Defendants' joint submission regarding the overarching conspiracy complaints, a plaintiff must include specific allegations demonstrating that each particular defendant actually joined and participated in an alleged overarching conspiracy.  *E.g.*, *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 709, 720 (E.D. Pa. 2011) (complaint must "delineate[] to some sufficiently specific degree" that each defendant "actually joined and participated in the conspiracy"); *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mktg. Coop.*, No. 15-CV-6480, 2019 U.S. Dist. LEXIS 3091, at *11 (E.D. Pa. Jan. 8, 2019) (dismissing allegations against defendants who could not plausibly be alleged to have

---

cannot plausibly be said to have conspired with anyone, regardless of who else might have been in the market.

joined conspiracy); Joint Def. Mot. at § II(B)(1).   But Plaintiffs cannot plausibly allege that
<u>Teligent</u> ever joined—or was even aware of—any overarching conspiracy.   Thus, even if the
amendments to the Econazole-related allegations were somehow sufficient to avoid dismissal, the
overarching conspiracy allegations against Teligent should be dismissed.

> **a.  The Overarching Conspiracy Allegations Focus Largely If Not Entirely on the
> Conduct of Other Manufacturers, Not on Teligent**

Kroger and Humana barely even try to tie Teligent to any overarching conspiracy.   Instead,
they repeat allegations regarding <u>other</u> generic manufacturers.   But the Court has held that these
allegations are insufficient to state a claim <u>against Teligent</u>.   *See generally* Op. at 60-61.   Thus:

- Kroger and Humana allege that there is an ongoing Federal and State investigation
into generic pricing.   Humana Am. Compl. ¶¶ 116-72; Kroger Am. Compl. ¶¶ 121-39.   Teligent is
not and cannot be alleged to be a part of any such investigation.   Op. at 22 ("There are no
allegations in the econazole complaints that Teligent received subpoenas"); *id*. at 61 (Teligent not
"specifically touched by a government investigation").

- Kroger and Humana allege that there were inter-firm communications among
competitors, centered around trade association meetings and industry social events.   Humana Am.
Compl. ¶¶ 173-203; Kroger Am. Compl. ¶¶ 144-76.   There are no plausible allegations that
Teligent was ever a part of those communications, or even a member of the relevant trade
associations, and indeed it was not.   Op. at 27 ("Only Teligent is not alleged to have been a regular
member of any trade association"); *id.* at 29-30 (Teligent "not alleged to have been a member of
any trade association"); *id.* at 60 (Teligent not "alleged to have had board representation with any
relevant trade association").   And Teligent did not attend—and is not alleged to have attended—
any purportedly suspect industry social gatherings.   *Id.* ("There are no allegations that Teligent
representatives attended any industry-sponsored social gatherings").

<div align="center">8</div>

• Finally, while Kroger and Humana purport to describe a "fair share" agreement involving competitors allegedly "playing nice in the sandbox," Teligent's name is never mentioned in these allegations, Teligent employees are not among those named as having participated in the communications in which those terms were allegedly used, and there are no allegations that any Teligent employee ever entered into any such agreement. *See* Humana Am. Compl. ¶¶ 261-88; Kroger Am. Compl. ¶¶ 9, 139, 173-76. For example, Humana alleges that "[t]his larger conspiracy was reinforced through phone calls and text messages between Defendants to discuss their 'fair' market share and the desire to maintain or raise prices with respect to specific drugs," Humana Am. Compl. ¶ 261, but Humana never alleges that <u>Teligent</u> ever made such a phone call or exchanged such a text message. *See also* Kroger Am. Compl ¶¶ 173-76 (alleging (in conclusory fashion) that there were 2,014 contacts between various generic drug companies, but alleging <u>zero</u> such contacts involving Teligent).

Thus, regardless of whether Kroger and Humana can allege a plausible overarching conspiracy, they have not plausibly alleged Teligent's participation in such a conspiracy.

**b. The Few Overarching Conspiracy Allegations that Do Mention Teligent Say Nothing of Substance Regarding It**

Moreover, even on the rare occasions when the Kroger and Humana complaints mention Teligent in connection with their overarching conspiracy claims, they say nothing of substance regarding it. The following passage from the amended Kroger complaint is illustrative:

> The Core Conspirators, consisting of Actavis, Heritage, Mylan/UDL, Par, Sun, Taro, Teva/Pliva, and the Sandoz Defendants, engaged in the conduct alleged in this Complaint and directed the implementation of the all Price-Fixed Generic Drugs conspiracy. Each of these Core Conspirators played a prominent role in the overarching all-Price-Fixed Generic Drugs conspiracy. Each of them sold more than five of the Price-Fixed Generic Drugs, and most sold 10 or more. For example, Heritage sold 15 Price-Fixed Generic Drugs, and Taro and Sun (which are commonly owned) together sold 11 Price-Fixed Generic Drugs. Collectively, they sold all of the Price-Fixed Generic Drugs. *See* Exhibit 1. The Additional

9

Conspirators, consisting of Akorn/Hi-Tech, Apotex, Aurobindo, Breckenridge, Citron, Dr. Reddy's, Epic, G&W, Fougera, Glenmark, Impax, Lannett, Lupin, Mayne, Morton Grove/Wockhardt, Perrigo, Teligent, Upsher-Smith, West-Ward, Valeant, and Zydus also engaged in the conduct alleged in this Complaint and were active participants in the overarching conspiracy.  But each of the Additional Conspirators sold fewer Price-Fixed Generic Drugs than any of the Core Conspirators.  Some only sold one Price-Fixed Generic Drug, as reflected in the chart attached as Exhibit 2.  However, the participation of the Additional Conspirators in the all-Price Fixed Generic Drugs conspiracy was necessary to increase the prices of the generic drugs that they manufactured.  Absent the participation of the Additional Conspirators, the Core Conspirators' efforts to increase the prices of the all-Price-Fixed Generic Drugs would have been thwarted because it would have been in the independent interests of the Additional Conspirators to increase their market share by refusing to follow the price increases of the Core Conspirators. A single overarching market allocation agreement facilitated all of the collusive agreements alleged in this Complaint.  And, this overarching agreement was negotiated and policed through the industry meetings attended by all Defendants.  In this way, and for the reasons explained below in ¶¶ 819 to 826, there was substantial overlap between all Defendants in the overarching conspiracy.

Kroger Am. Compl. ¶ 817.  Teligent's name appears just once in this 319-word paragraph.  And even if the broad generalities in this paragraph should be read to suggest wrongdoing by Teligent, any such allegation against it there is implausible.

For example, while it is unclear what this paragraph means by "industry meetings" at which the "overarching agreement was negotiated and policed," Teligent did not attend the sort of industry meetings that would provide opportunities to conspire.  Op. at 60-61.  And while Kroger alleges that it would have been in each "Additional Conspirator's" "independent interest" to refuse to follow price increases, Teligent did refuse to follow—as Teligent followed Perrigo's price increase only after a delay of several months, and then only by significantly undercutting Perrigo to gain market share.  *See* Kroger Am. Compl. ¶ 487; *see also* Teligent's Mem. of Law in Support of Individual Mot. to Dismiss at 4, 16-EC-27240 (Oct. 6, 2017), ECF 165.  This paragraph—and the few others that similarly mention Teligent in passing as part of a general list of all

AMERICAS 98100007

defendants[12]—thus fail to plausibly allege facts tying Teligent to any conspiracy.  *See Bell Atl. v. Twombly* 550 U.S. 544, 557-58 (2007).

### c.   There Are No Facts Alleged Plausibly Suggesting a Reason for Teligent to Join an Overarching Conspiracy for Products It Does Not Sell

Nor would there have been any plausible reason for Teligent to join such an overarching conspiracy.  As explained in Defendants' joint submission, to allege that Teligent joined an overarching conspiracy, Kroger and Humana must plausibly allege that <u>Teligent</u> "was aware of and committed to the essential purpose of the overarching conspiracy."  *Precision Assoc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-CV-42 JG VVP, 2011 U.S. Dist. LEXIS 51330, at *104-05 (E.D.N.Y. Jan. 4, 2011), *report and recommendation adopted*, No. 08-CV-00042 JG VVP, 2012 U.S. Dist. LEXIS 113829 (E.D.N.Y. Aug. 13, 2012); Def. Joint Mot. at § II(B)(1).  Kroger and Humana thus must show that Teligent knew of and committed to an "overall agreement" with "reason to believe that [its] own benefits were ***dependent upon the success of the entire venture***."  *United States v. Lapier*, 796 F.3d 1090, 1101 (9th Cir. 2015).

But Teligent manufactured only one product at issue in this case, and Plaintiffs have never explained why Teligent would have needed to—much less wanted to—conspire to fix the prices of numerous products it does not sell.  Neither Kroger nor Humana can therefore offer any

---

[12]   Paragraph 22 of the Kroger complaint is to similar effect but offers even less—instead merely alleging that Teligent was an "Additional Conspirator," and that the "Additional Conspirators" played some unspecified role in the alleged conspiracy.  Kroger Am. Compl. ¶ 22.  Paragraph 821 of that complaint simply states without any factual support whatsoever that "the overarching conspiracy facilitated the collusive agreement of Additional Conspirators Morton Grove and Wockhardt to raise prices on Clobetasol, and Additional Conspirator Teligent's collusive agreement to raise prices on Econazole."  Kroger Am. Compl. ¶ 821.  This Court previously held that allegations regarding Teligent's public statements, as described in the Kroger and Humana complaints, offered no plausible support for an alleged conspiracy.  *Compare* Kroger Am. Compl. ¶¶ 212-14; Humana Am. Compl. ¶¶ 248-49 *with* Op. at 64-65 n.295.  And merely alleging that Teligent hired someone with industry experience well after the alleged conspiracy was said to have occurred likewise says nothing.  *Compare* Humana Am. Compl. ¶ 182 n.48 *with* Econazole Motion at 12.  In short, Teligent is barely even mentioned outside of the Econazole allegations—and the few mentions it receives all say nothing of substance.

AMERICAS 98100007

plausible basis to implicate Teligent in an overarching conspiracy claim, and any such claim must be dismissed even if the Econazole-related claims were to survive (which they should not).

## III.    The Amended Kroger and Humana Complaints Cannot State a Claim Even If Amended, and Dismissal with Prejudice Is Thus Appropriate

Finally, dismissal here can appropriately be granted with prejudice.  Although the amended Kroger and Humana complaints have not previously been the subject of a motion to dismiss in this case, the same allegations they assert have been before the Court—and dismissal was granted as to Teligent. *See* Op. at 60-61.  Kroger and Humana then each had the opportunity to amend their complaints to reflect this Court's prior opinion, and took that opportunity.  In doing so, both Kroger and Humana adopted the same amendments that the other plaintiffs adopted to seek to overcome this Court's dismissal of their claims.  Kroger and Humana have had two solid bites at the apple, and dismissal of their claims against Teligent can appropriately be granted with prejudice.

## CONCLUSION

The allegations against Teligent in the amended Kroger and Humana complaints should be dismissed with prejudice.

Dated:  February 21, 2019                          Respectfully submitted,

By: */s/ Heather K. McDevitt*
Heather K. McDevitt
Bryan D. Gant
White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

*Counsel for Defendant Teligent, Inc.*

12

## <u>CERTIFICATE OF SERVICE</u>

I, Heather K. McDevitt, hereby certify that on February 21, 2019, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

<div align="center" style="margin-left:50%">

_/s/ Heather K. McDevitt_____
Heather K. McDevitt

</div>