# Exhibit B

# K&L GATES

May 29, 2019

Steven M. Kowal
steven.kowal@klgates.com

T +1 312 807 4430
F +1 312 827 8000

**CONFIDENTIAL**
**Via Electronic Mail**

W. Joseph Nielsen
Assistant Attorney General
State of Connecticut, Office of Attorney General
55 Elm Street, P.O. Box 120
Hartford, Connecticut 06141-0120

Re:   **MDL 2724 –** *In re Generic Pharmaceuticals Pricing Antitrust Litigation* **– Defendant Mayne Pharma Inc.'s Request for Factual Bases of Heritage Employee Guilty Pleas and Correction of Factual Misstatement**

Dear Mr. Nielsen:

We represent Mayne Pharma Inc. ("Mayne") in the various civil antitrust cases in the above-captioned multidistrict litigation pending before Judge Rufe in the Eastern District of Pennsylvania ("Court"). We write to you in your capacity as both a representative of the State of Connecticut and as liaison counsel for the plaintiff State Attorneys General ("States") in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*.

On May 2, 2019, Plaintiffs' filed their Joint Response ("Response") to Mayne's motion under F.R.C.P. 12(b)(6) to dismiss the various so-called "overarching conspiracy" complaints, including the complaint filed by the State of Connecticut. *See* ECF 120 (17-cv-03768-CMR). You personally signed that Response on behalf of Connecticut and as the States' liaison counsel.

**Factual Bases of Glazer and Malek Guilty Pleas**

In that Response, Plaintiffs focused significant attention and placed substantial reliance on federal criminal guilty pleas entered by two former executives of Heritage Pharmaceuticals, Inc., Jeffrey A. Glazer ("Glazer") and Jason T. Malek ("Malek"). Plaintiffs' focus and reliance on these guilty pleas appears in the very first paragraph of your Response, where you state: "For purposes of the *Twombly* plausibility standard, **the guilty pleas** by senior executives (Glazer and Malek) of Heritage, Mayne's competitor in the market for Doxy DR, **put the existence of a conspiracy with Mayne involving that drug beyond dispute.**" Response at 1 (emphasis added). Accordingly, Plaintiffs have affirmatively and expressly represented to the Court that

the factual basis for the guilty pleas entered by Glazer and Malek includes a conspiracy with Mayne, which the States then use to argue that Mayne's participation in the conspiracy with Heritage is thus "beyond dispute." *Id.*

The States have represented that both Glazer and Malek are cooperating with the States in their investigation into pricing for certain generic pharmaceuticals. *See*, *e.g.*, March 16, 2017 Agreement Among the Attorneys General of the States and Commonwealths and Jeffrey Glazer; *see also* March 16, 2017 Agreement Among the Attorneys General of the States and Commonwealths and Jason Malek.

Thus, at this point in the civil litigation, the States have access to the factual information that forms the factual bases for the guilty pleas entered by both Glazer and Malek. However, neither Mayne nor the Court has access to this same factual information. Accordingly, the Court must rely on the accuracy of the States' representations that the factual bases for the guilty pleas entered by Glazer and Malek in fact include conspiratorial conduct involving Mayne. But without such a factual basis, these guilty pleas cannot be advanced by the States to support a claim that Mayne's participation in any conspiracy is "beyond dispute."

Based on the evidence and information now available, Mayne has strong reason to question the accuracy of this representation by the States to the Court.  For example, despite the States' repeated reliance on nearly five years' worth of investigatory material—including cooperation from both Glazer and Malek—the States' most recent amended complaint is devoid of *any* allegations of any communications between Glazer and Mayne, or between Malek and Mayne. *See* ECF 15 (17-cv-03768-CMR).

Rather, Mayne believes—and the States' allegations support—that the evidence establishes that the factual bases for the guilty pleas by Glazer and Malek relate only to a Doxy DR conspiracy between Heritage *and Mylan*, another competitor to Heritage in the Doxy DR market.  We do not believe that any factual basis for the guilty pleas relates to a conspiracy between Heritage and Mayne.

Nevertheless, the States' representations to the Court about the scope of the Glazer and Malek guilty pleas is the central component of Plaintiffs' opposition to Mayne's motion to dismiss. It is the *first* contention advanced by Plaintiffs in support of your argument that Mayne must remain a defendant in the litigation. In fact, Plaintiffs represent that it is "direct evidence" of Mayne's involvement in an anticompetitive conspiracy. In sum, Plaintiffs represent to the Court that Mayne must continue to incur the enormous cost, management disruption, and injury to commercial reputation generated by this litigation in large measure because of the guilty pleas of Glazer and Malek.

Because of the importance of this issue—both to Mayne and to Plaintiffs—the factual bases that actually support these guilty pleas must be revealed and resolved now. The Court cannot justifiably rely on the States' representations without an answer to the following question: **Did the factual bases for the guilty pleas of Glazer and Malek specifically include evidence of a conspiracy between either one of them and Mayne related to Doxy DR?**

Fortunately, since Glazer and Malek are cooperating with the States in their investigation, this information is readily available to the States, who can immediately answer this question and thus resolve this issue without delay.

Eventually, through the discovery process, the factual support for these guilty pleas will be disclosed. By that time, however, Mayne will have incurred enormous expense, both pecuniary and reputational. If it is ultimately determined that the guilty pleas entered by Glazer and Malek did *not* include a factual basis for a conspiracy between Heritage and Mayne concerning Doxy DR, we assume you and the States would not want to confront the potential ramifications associated with such a material misrepresentation to the Court.

**<u>Misrepresentation of "Competitors" for Doxy DR</u>**

Moreover, apart from your representations as to the scope of the guilty pleas, Plaintiffs' Response to Mayne's motion to dismiss essentially states that Mayne was "*the*" competitor to Heritage in the Doxy DR market. *See, e.g.*, ¶ 1 of Response. But, rather than being "the"—that is, the *single*—competitor, Mayne was simply "*one of* the" competitors to Heritage in that market.

When advanced as part of Plaintiffs' affirmative argument that the aforementioned guilty pleas demonstrate Mayne's participation in a conspiracy "beyond dispute," the claim that Mayne was *the only* competitor to Heritage in the Doxy DR market is a significant and material misstatement. It is obvious that if (1) Glazer and Malek plead guilty to a conspiracy to engage in anticompetitive conduct in the Doxy DR market, and (2) Mayne was the *only* competitor to Heritage in the Doxy DR market, then the States' contention that the guilty pleas demonstrate Mayne's participation in a conspiracy would be significantly bolstered. However, because there was *another* competitor in the Doxy DR market in addition to Mayne, the States' conclusion is no longer valid, as any guilty plea for anticompetitive conduct in the Doxy DR market would not inevitably necessitate Mayne's participation.

Accordingly, it is particularly troubling that Plaintiffs would suggest that Mayne was "*the*" competitor to Heritage in the Doxy DR market when the States' own amended complaint is replete with allegations concerning communications between Heritage *and Mylan* concerning Doxy DR, ***none of which involve Mayne***. Indeed, as further evidence of your understanding that there were more than just two participants in the Doxy DR market, the States' own amended

complaint makes *separate* factual allegations of *separate* and *distinct* Doxy DR conspiracies—one "Heritage/Mylan Agreement" and one "Heritage/Mayne Agreement"—which the States separate into *separate* and *distinct* counts for relief. *Compare* Count 5 and ¶¶ 180-217 *with* Count 7 and ¶¶ 218-242, ECF 15 (17-cv-03768-CMR).

In the context of this case—and in the context of the arguments advanced by Plaintiffs to oppose Mayne's motion to dismiss—Plaintiffs' inappropriate and misleading language is material and cannot be ignored. Accordingly, we request that you inform the Court that the description that Mayne was "*the*" competitor with Heritage in the Doxy DR market is factually incorrect, and, therefore, that the argument that these guilty pleas *must* involve Mayne is unsupported.

*   *   *   *

Please provide the information requested and the correction sought by June 10, 2019. Your response by this date will afford Mayne an adequate and duly-owed opportunity to incorporate the relevant information in its Reply in support of its motion to dismiss.

Thank you.

Sincerely,

**K&L Gates LLP**

*[signature: Steven M. Kowal]*

Steven M. Kowal

*Counsel for Defendant Mayne Pharma Inc.*