# Exhibit C



**WILLIAM TONG**
ATTORNEY GENERAL

Office of the Attorney General
State of Connecticut

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5040
Fax: (860) 808-5391

June 10, 2019

Via Electronic Mail

Steven M. Kowal, Esq.
K&L Gates LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602

Re:   MDL No. 2724; In re Generic Pharmaceuticals Pricing Antitrust Litigation

Dear Steven:

I write in response to your letter dated May 29, 2019. First, as I'm sure you know, the States were only one of many parties to join the opposition brief in response to Mayne's motion to dismiss, and the arguments in that brief were intended to consolidate the positions of all of those parties, not just the States. Therefore, your letter should appropriately be directed to the representatives of those other parties as well.

With regard to substance, Plaintiffs' Joint Response to Mayne's motion is consistent with what Plaintiffs have alleged in their various complaints and with what the Court already found in denying Mayne's previous motion to dismiss against the EPPs, DPPs, and IRPs. Your statement that "the Court must rely on the accuracy of the *States'* representations that the factual bases for the guilty pleas entered by Glazer and Malek in fact include conspiratorial conduct involving Mayne" is simply false. The Court has already resolved the question of whether the Glazer and Malek guilty pleas are direct evidence of a Doxy DR conspiracy: "Plaintiffs have plausibly alleged the existence of a Doxy DR conspiracy based on direct evidence and may proceed to discovery with respect to their Doxy DR claims." *In re Generic Pharm. Pricing Antitrust Litig.*, 338 F. Supp. 3d 404, 440 (E.D. Pa. 2018). As I am sure you know, this ruling by Judge Rufe included an analysis of the claims against Mayne as well. The Court has already rejected Mayne's argument that Plaintiffs have pleaded only an agreement on Doxy DR between Heritage and Mylan: "When considered in the context of Glazer and Malek's guilty pleas, doxycycline Plaintiffs' allegations of multiple contacts between Heritage **and both Mayne and Mylan** concerning Doxy DR are sufficient to give the Doxy DR Defendants notice of the basis for doxycycline Plaintiffs' claims." *Id.* (emphasis added).

Regardless, the States have pled specific, detailed facts regarding Mayne's entry into the market for Doxy DR in 2014, and its agreement with Heritage to allocate that market, that are by

*An Affirmative Action/Equal Opportunity Employer*

June 10, 2019
Page 2

themselves more than sufficient to survive a motion to dismiss. These facts include quotations from specific text message communications between Mayne and Heritage representatives where the two competitors discuss the allocation of customers, as well as communications between the Heritage representative and her supervisor, Jason Malek, reporting about the scheme. The allegations also include statements by Heritage CEO Jeff Glazer that he was aware of the purpose of the agreement to allocate a large customer to Mayne and that Heritage "wanted to give Midlothian [Mayne] market share so they stop eroding" the price of Doxy DR. *See* States' Consolidated Amended Complaint, ¶¶ 218-242.

Your parsing of the language in Plaintiffs' briefs about whether Mayne was the only competitor in the Doxy DR market is also misplaced. In the motion to dismiss ruling discussed above, the Court spent considerable time addressing the alleged Doxy DR conspiracy – including the activities of Heritage, Mayne and Mylan – and it is hard to imagine that the Court will now somehow be misled into thinking that Mylan has vanished and that Mayne is the sole competitor of Heritage in the Doxy DR market. Moreover, large sections of the Plaintiffs' brief discuss Mylan and its role in the Doxy DR conspiracy, so the notion that Plaintiffs are being misleading about whether Mylan was a competitor is not credible.

Very truly yours,

W. Joseph Nielsen
Assistant Attorney General