UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>Civil Case No. 2:16-md-2724-CMR |
| THIS DOCUMENT RELATES TO:<br><br>*The Kroger Co., et al. v. Actavis Holdco US, Inc., et al.* | Individual Civil Case No. 2:18-cv-284<br><br>HON. CYNTHIA M. RUFE |

**KROGER DEFENDANTS' OPPOSITION
TO KROGER PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

The undersigned Kroger Defendants[1] jointly submit this opposition to the Motion for Leave to Amend (the "Motion") filed by direct-action plaintiffs The Kroger Co., Albertsons Companies, LLC and H.E. Butt Grocery Company L.P. (collectively, the "Kroger DAPs"). *See* ECF No. 185 (18-cv-284). The Kroger DAPs seek leave to file a Second Amended Complaint (the "Proposed SAC").

**INTRODUCTION**

The Motion contends that the Proposed SAC "does not substantively alter the Kroger DAPs existing allegations" and that it is a "belt-and-suspenders measure" to merely conform the Kroger DAPs' claims to those asserted by the Plaintiff States in *State of Connecticut, et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 17-cv-3768. Yet that is not what the Kroger DAPs' Proposed SAC would actually do. Instead, the Proposed SAC seeks to significantly expand the scope of potential liability for many of the Kroger Defendants on the Kroger DAPs' individual drug-specific conspiracy claims by naming additional defendants directly in various individual

---

[1] The "Kroger Defendants" are those 37 entities named as defendants by the Kroger DAPs in their Amended Complaint filed on December 21, 2018 (the "Amended Kroger Complaint"). *See* ECF No. 37 (18-cv-284).

1

drug-specific conspiracy counts without alleging *any facts* to support those new claims. The lack of any factual allegations providing a plausible basis to add certain Kroger Defendants to those individual drug-specific conspiracy claims violates fundamental federal pleading standards. Moreover, the Motion seeks leave to add entirely new claims on behalf of plaintiff Albertsons, purportedly as an assignee of its subsidiary, Safeway, and as an assignee of a non-party wholesaler, Cardinal, without providing any basis for why the Kroger DAPs waited until now to assert such claims.

Setting aside the Proposed SAC's failure to comply with the most basic pleading standards, the Motion is also unnecessary. The Motion is purportedly brought to "conform" the Kroger DAPs' claims to those brought by the Plaintiff States for purposes of a bellwether trial that has not even been selected by the Court.

Finally, the Motion ignores this Court's PTO 61, which established December 21, 2018 as the deadline to amend existing complaints like the one that the Kroger DAPs already had on file. And while the Kroger DAPs amended their complaint by that date, they chose not to include the so-called "conforming" amendments they seek to add now. The Kroger DAPs made that choice despite having all of the information necessary to "conform" their complaint to the Plaintiff States' complaint long before that Court-imposed deadline.

**RELEVANT FACTS/PROCEDURAL HISTORY**

The operative Amended Kroger Complaint asserts 32 causes of action. Count One is a standalone overarching conspiracy count against all of the Kroger Defendants. *See* ECF No. 37 (18-cv-284) at ¶¶ 23 & 812-32. The remaining 31 counts assert individual drug-specific conspiracy claims against certain Kroger Defendants that manufactured or sold a particular drug. *Id.* at ¶¶ 23 ("Counts II-XXXII each allege individual conspiracies among the specified [Kroger] Defendants regarding each individual Price-Fixed Generic Drug in violation of Section 1 of the

Sherman Act."), 833-1081.  The Amended Kroger Complaint states that the overarching conspiracy count and individual conspiracy counts are "pled in the alternative if necessary to avoid inconsistency."  *Id.* at ¶ 23.  Therefore, if the broader overarching conspiracy claim fails, the Kroger DAPs can still seek to hold individual Kroger Defendants liable for individual drug-specific conspiracies.

The Proposed SAC is structured similarly to the Amended Kroger Complaint, asserting a single overarching conspiracy claim against all of the Kroger Defendants (Count One) and multiple "Individual Conspiracies" on certain drugs against certain Kroger Defendants (Counts Two through Thirty-Two).  ECF No. 185-2 (18-cv-284).  But the new pleading purports to name additional Kroger Defendants directly to the individual drug-specific conspiracies asserted in Counts 2, 12, 15-19, 22, 24-26, 29, and 31-32 regardless of whether an overarching conspiracy claim is legally viable.  For example, the Proposed SAC seeks to expand Count Thirty-Two—an individual conspiracy claim originally asserted against only Heritage and Dr. Reddy's for Zoledronic Acid—to now include fifteen Defendants: "Dr. Reddy's, Heritage, Actavis, Apotex, Aurobindo, Citron, Glenmark, Lannett, Mayne, Mylan, Par, Sandoz,, Sun, Teva, [and] Zydus."  ECF No. 185-2 (18-cv-284) at ¶¶ 1074-81.  The Kroger DAPs name these additional participants in an individual drug conspiracy without alleging any factual allegations tying these additional defendants to even the manufacture or sale of Zoledronic Acid, let alone tying the additional defendants to a broader Zoledronic Acid conspiracy.  The same is true with respect to each of the Kroger Defendants newly added to drug-specific conspiracies:  the Proposed SAC does not allege that any newly added defendant ever manufactured, marketed, or sold the drugs at issue in those alleged conspiracies.  In fact, the Kroger DAPs do not make a single new substantive factual allegation regarding any of the drugs implicated anywhere in the Proposed SAC.

The Kroger DAPs contend that their proffered amendment is to simply conform the claims to those set forth in the Plaintiffs' States Amended Heritage Complaint in *State of Connecticut, et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 17-cv-3768 (the "States' Amended Heritage Complaint"). There, the Plaintiff States assert 18 individual drug-specific conspiracy claims (along with related state-law claims) against certain defendants that manufactured or sold each particular drug. While they do not assert a standalone claim for an overarching conspiracy, the Plaintiff States claim that each individual drug-specific conspiracy was part of an overarching conspiracy such that all of the defendants named in the States' Amended Heritage Complaint are jointly and severally liable for the damages sustained. *See* ECF No. 14 (17-cv-3768) at ¶¶ 2, 89-109; *id.* at ¶¶ 3 & 92 ("This Complaint describes conspiracies regarding the sale of specific drugs, and how these specific conspiracies are also part of the larger overarching conspiracy.").

Further, while the Kroger DAPs purport to add new claims on behalf of Albertsons, they do not explain why their proffered amendments concerning the additional claims on behalf of Albertsons should be accepted by this Court given how untimely they are. ECF No. 185-2 (18-cv-284) at ¶¶ 61-62.

## STANDARD OF REVIEW

The Kroger DAPs seek leave to amend under Federal Rule of Civil Procedure 15(a)(2), which should be denied when the proposed amendment is inequitable or unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Prejudice to the non-moving party and futility—both of which are present here—serve as separate bases to deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) ("It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment.").

**ARGUMENT**

I. **The Amendments In The Proposed SAC Are Inequitable, Unjust, And Futile.**

Contrary to the Kroger DAPs' assertions, the amendments in the Proposed SAC are anything but a "belt and suspenders measure that conforms certain of the Counts in the Kroger . . . Complaint to the overarching conspiracy Counts" in the States' Amended Heritage Complaint. ECF No. 185-1 (18-cv-284) at p. 2. The Kroger DAPs' proposed amendment does not bring their claims in line with the claims of the State Plaintiffs. The key to understanding why the Proposed SAC is impermissible lies in the difference between the way the Plaintiff States pleaded the States' Amended Heritage Complaint and the way the Kroger DAPs attempt to plead the Proposed SAC.[2]

There is no "overarching conspiracy Count[]" in the States' Amended Heritage Complaint—it only asserts 18 individual drug-specific conspiracy counts[3] against various Defendants. *See* ECF No. 14 (17-cv-3768) at ¶¶ 470-605; *see also id.* at ¶¶ 3 & 92 ("The Complaint describes conspiracies regarding the sale of specific drugs, and how these specific conspiracies are also part of the larger overarching conspiracy."). And while the States' Amended Heritage Complaint vaguely alleges the existence of an overarching conspiracy among all the defendants in that case, *id.* at ¶¶ 2 & 89-109, those allegations go only to the Plaintiff States' theory of recovering damages against those defendants on the individual drug-specific conspiracy claims. *See id.* at ¶¶ 476, 483, 490, 497, 504, 518, 525, 533, 541, 549, 557, 565, 573, 581, 589, 597 & 605 (alleging in connection with the individual conspiracy counts that "[a]s participants in the overarching conspiracy, the corporate Defendants are jointly and severally liable for any harm

---

[2] Defendants do not concede that the Plaintiff States' complaint was sufficiently pleaded for the reasons stated in their motions to dismiss.

[3] Along with a 19th count asserting supplemental state law claim under various state statutes.

caused as a result of the [individual] conspiracy."). There is no claim for direct liability on drug-specific conspiracies in the States' Amended Heritage Complaint *except* as to defendants that actually manufacture or sell that particular drug.

Joint and several liability is not a cause of action; it does not create an independent basis for liability. *Smith v. EAN Holdings, LLC*, No. CV 3:19-85, 2019 WL 4118651, at *2 (W.D. Pa. Aug. 29, 2019); *Fed. Nat'l Mortg. Ass'n v. DuBois*, No. CV153787JMVMF, 2018 WL 5617566, at *11 (D.N.J. Oct. 30, 2018) ("Joint and several liability is . . . not an independent cause of action."). Rather, joint and several liability is a doctrine that governs how and against whom a judgment may be executed after a plaintiff has sustained its burden of proof as to a given cause of action. It is a theory of recovery derived from the indivisibility of an injury or as provided by statute, not the causation or culpability of any one defendant. *Lejeune, G. v. Khepera Charter Sch.*, No. CV 17-4965, 2019 WL 4674382, at *8 (E.D. Pa. Sept. 24, 2019); *DuBois*, 2018 WL 5617566, at *11; *St. Paul Fire & Marine Ins. Co. v. Nolen Grp., Inc.*, No. CV 02-8601, 2007 WL 2571524, at *14 (E.D. Pa. Aug. 31, 2007) (citing *Carrozza v. Greenbaum*, 916 A.2d 553, 566 (Pa. 2007)); *Brittingham v. Gen. Motors Corp.*, No. 3:02-CV-283, 2004 WL 7337461, at *4 (S.D. Ohio Dec. 6, 2004) ("[T]he answer to the indivisibility question is based upon the indivisibility of the harm and not on the indivisibility of causation.").

Stated differently, the sole purpose for alleging an overarching conspiracy in the States' Amended Heritage Complaint is to seek damages on the individual conspiracy claims from all defendants in that case under joint and several liability. No other basis is pleaded in the States' Amended Heritage Complaint to every defendant in that case liable for each of the drugs at issue since there are no allegations that each of them made, sold or otherwise engaged in anticompetitive conduct with respect to each particular drug. Without establishing the existence of an overarching

6

conspiracy, the Plaintiff States will have no basis to seek joint and several liability against all Defendants for all drugs.

The amendments of the Proposed SAC to the individual conspiracy counts, however, are substantively and significantly different. Rather than claiming global relief against the Kroger Defendants premised on joint and several liability (like the Plaintiff States), the Proposed SAC instead seeks to name additional Kroger Defendants to certain standalone individual drug-specific conspiracies, thereby potentially subjecting those Defendants to *direct liability* for those individual drug conspiracies *even if an overarching conspiracy is ultimately rejected by the Court or the trier of fact*. The fundamental flaw with this theory is that the Proposed SAC contains no factual allegations to support those amendments, as none of the Kroger Defendants added to the individual drug conspiracy claims are even alleged to have manufactured or sold the drugs underlying those claims. Indeed, the sum and substance of the Kroger DAPs' proposed amendments is simply to add company names of new defendants to their already existing individual drug-specific conspiracy allegations.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This fundamental requirement ensures that a defendant receives "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Fair notice is provided when sufficient facts are pled to allow "the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Pleading the mere possibility of misconduct is not enough. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("A complaint has to 'show' such an entitlement with its facts.").

Here, the Proposed SAC fails to show an entitlement to assert direct liability against additional Kroger Defendants on individual conspiracy counts because the Proposed SAC lacks any allegations demonstrating how the proposed additional Kroger Defendants were involved in any way in the purported individual conspiracies. Consider, for example, the additional claims against Lannett, which illustrate the lack of factual support requiring rejection of the Proposed SAC.

The Proposed SAC would add Lannett as a direct defendant in 12 additional individual drug-specific conspiracies related to: Fosinopril HCTZ (Count 15), Glipizide (Count 16), Glyburide (Count 17), Glyburide-Metformin (Count 18), Leflunomide (Count 19), Meprobamate (Count 22), Nimodipine (Count 24), Nystatin (Count 25), Paramomycin (Count 26), Theophylline ER (Count 29), Verapamil (Count 31) and Zoledronic Acid (Count 32). ECF No. 185-2 (18-cv-284) at ¶ 833. Yet the Proposed SAC does not even allege that Lannett manufactured, marketed, or sold any of those drugs, let alone that Lannett engaged in anticompetitive conduct for any of them. Indeed, the Proposed SAC does not include a single allegation tying Lanett to these individual drug claims. Rather, the Kroger DAPs simply tack on Lannett as an additional defendant for each of these claims. The absence of facts to support adding Lannett to any of those additional 12 conspiracy claims applies equally to the other similarly situated Kroger Defendants that the Proposed SAC adds to various individual drug-specific conspiracies. There are no new allegations that those defendants manufactured, marketed, sold, or otherwise engaged in anticompetitive conduct with respect to the individual drug conspiracies that the Kroger DAPs now seek to amend.

Put simply, the amendments in the Proposed SAC are futile. None would survive a motion to dismiss for failure to state a claim because they do not allege facts that the additional Kroger

8

Defendants joined or participated in the purported individual drug-specific conspiracies to which they are sought to be added. *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000); *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that futility is reviewed under "the same standard of legal sufficiency as applied under Rule 12(b)(6)"). It is well-settled that a *prima facie* antitrust conspiracy claim "must plausibly suggest that the individual defendant actually joined and participated in the conspiracy." *In re Processed Egg Prod. Antitrust Litig.*, 821 F. Supp. 2d 709, 719 (E.D. Pa. 2011); *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253419, at *5 (E.D. Pa. Aug. 3, 2007) (recognizing that to state a legally tenable antitrust conspiracy claim, a plaintiff "must allege that each individual defendant joined the conspiracy and played some role in it"); *see In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("[T]he complaint must allege that each individual defendant joined the conspiracy and played some role in it because at the heart of an antirust conspiracy is an agreement and a conscious decision by each defendant to join it.") (citations and internal quotation marks omitted). The Proposed SAC fails to meet that standard.[4]

The Proposed SAC is unduly prejudicial to the Kroger Defendants for the same reason, failing to provide the Kroger Defendants with "fair notice" of the grounds for why they should be named as defendants in any individual drug-specific conspiracy claims since there are no allegations that the newly-named defendants engaged in any anticompetitive conduct with respect

---

[4] The Kroger DAPs' use of the word "overarching" in the Proposed SAC's individual drug-specific conspiracy counts does nothing to cure these deficiencies. *See, e.g.*, Proposed SAC at Count Two ("Acetazolamide Overarching Conspiracy (Against Heritage, Lannett, Taro, Teva, Zydus, Actavis, Apotex, Aurobindo, Citron, Dr. Reddy's Glenmark, Mayne, Mylan, Par, Sandoz, Sun"). It is not even clear what the Kroger DAPs are trying to accomplish by inserting those words in each of the affected counts, especially since the counts are pleaded as individual drug-specific conspiracies. Defendants should not be made to guess at the potential scope of their liability for these alleged individual drug-specific conspiracies. That uncertainty is compounded by the lack of any facts plausibly alleging that the newly added Defendants in those claims had any involvement in the manufacturing, marketing, or sale of those drugs.

to those drugs. Contrary to what the Kroger DAPs argue in the Motion, their proposed amendments would significantly "alter the scope of . . . [Kroger] Defendants' liability" and would absolutely "increase the burden of any Defendant to litigate the claims against it," particularly when the Kroger DAPs are unable to prove an overarching conspiracy. ECF No. 185-1 (18-cv-284) at pp. 5-6. If amendment is permitted, the affected Kroger Defendants will be forced to defend and litigate additional individual drug-specific conspiracy claims regardless of whether an overarching conspiracy is legally viable, and without the information necessary to prepare an adequate defense or take targeted discovery. *Boldrini v. Giovannini*, No. 3:18-CV-1360, 2019 WL 507488, at *2 (M.D. Pa. Feb. 7, 2019) ("[T]he purpose of Rule 8 is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims."); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable. Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds.") (citations omitted); *Phila. Dressed Beef Co. v. Wilson & Co.*, 19 F.R.D. 198, 201 (E.D. Pa. 1956) ("The purpose sought to be achieved by Rule 8(a)(2) is that the adversary party or parties have sufficient notice to prepare their defense and that the Court is sufficiently informed to determine the issue presented.").

## II. There is No Basis for the Motion Because The Court Has Not Selected A "Bellwether" Case.

The Motion also claims that the Kroger DAPs seek leave to amend "in order to align with the State AGs for the purpose of a bellwether trial" contemplated by Special Master Marion's

10

August 2019 Report and Recommendation. ECF No. 185-1 (18-cv-284) at p. 2.[5] But no "bellwether" trial has been ordered by the Court. Special Master Marion's Report and Recommendation merely proposes a process to select such a trial (or trials) in the future; it does not identify one, let alone select the States' Amended Heritage Complaint (or its claims) as the first to be tried. *See* Aug. 16, 2019 Report and Recommended Order from Special Master David H. Marion Setting Forth a Case Management Order and Discovery Schedule at ¶ 9(a)-(b). Numerous objections to the Report and Recommendation were filed by the parties on September 13, 2019; the Court held argument on those objections on September 24, 2019 and is still considering the issues. Conforming any pleadings to a hypothetical bellwether case is unnecessary because this Court's process to select a bellwether case has not even started.

### III. The Motion Ignores this Court's Deadline for Amendment.

The Kroger DAPs' request to amend is also well beyond the deadline set by the Court in PTO 61, which provides:

> Any amendment to any currently outstanding complaint must be made on or before **December 21, 2018**. No further amendments will be permitted after that date except in accordance with paragraph II.3 or paragraph III.4 below or as permitted by the Federal Rules of Civil Procedure or Court Order.

ECF No. 775 (16-md-2724) (emphasis in original). The Kroger DAPs were well aware of this limitation since they filed the Amended Kroger Complaint on December 21, 2018. ECF No. 37 (18-cv-284). And when they filed it, the Kroger DAPs were also well aware of the allegations in the States' Amended Heritage Complaint, which the Plaintiff States had filed seven months earlier,

---

[5] This purported justification is not borne out by the Proposed SAC, which is far broader and differs in other numerous substantive ways from the claims asserted in the States' Amended Heritage Complaint.

11

on June 15, 2018. *Compare* ECF No. 14 (17-cv-3768) *with* ECF No. 37 (18-cv-284).[6] Indeed, the Kroger Amended Complaint routinely references, relies on and even quotes the States' Amended Heritage Complaint. *See* ECF No. 37 (18-cv-284) at ¶¶ 4-6, 14, 133-39, 156 & 174. If the Kroger DAPs wanted to conform their complaint to the States' Amended Heritage Complaint, they could have done so last December prior to the amendment deadline set by the Court in PTO 61. Nor do the Kroger DAPs even attempt to explain why the proposed amendments concerning Albertsons' new claims as assignee of Safeway and Cardinal could not be brought on time in accordance with the Court's directive in PTO 61. ECF No. 185-2 (18-cv-284) at ¶¶ 61-62. Absent good cause (which has not and cannot be shown), following the deadlines set in the Court's PTOs are important to ensure the proper functioning of the MDL. These failures alone warrant denial of the Motion.

## CONCLUSION

The Court should deny the Kroger DAPs' Motion. The Proposed SAC would substantially prejudice certain of the Kroger Defendants, potentially exposing them to sweeping direct liability for all individual conspiracy claims without any factual basis to do so. The Proposed SAC's amendments are futile as well—no grounds exist to name additional Kroger Defendants directly in connection with individual conspiracy claims where none of the proposed Kroger Defendants are alleged to manufacture, market, or sell the particular drugs involved in those individual conspiracy claims. Moreover, the Motion is unwarranted because no "bellwether" case exists yet, and the Motion is beyond the Court-imposed deadline for filing amendments.

---

[6] The Plaintiff States actually filed their proposed amended complaint in October 2017, so the Kroger DAPs have known of the allegations for almost two years.

Dated: October 4, 2019	Respectfully submitted,

	*/s/ Ryan T. Becker*
	Gerald E. Arth
	Ryan T. Becker
	FOX ROTHSCHILD LLP
	2000 Market Street, 20th Floor
	Philadelphia, PA 19103
	Tel.: (215) 299-2000
	Fax: (215) 299-2150
	garth@foxrothschild.com
	rbecker@foxrothschild.com

	George G. Gordon
	Stephen D. Brown
	Julia Chapman
	DECHERT LLP
	2929 Arch Street
	Philadelphia, PA 19104-2808
	Tel.: (215) 994-2382
	Fax: (215) 655-2240
	george.gordon@dechert.com
	stephen.brown@dechert.com
	julia.chapman@dechert.com

	*Counsel for Lannett Company, Inc.*

| | |
|---|---|
| */s/ Wayne A. Mack* | */s/ Elizabeth A. N. Haas* |
| Wayne A. Mack | Elizabeth A. N. Haas |
| Sean P. McConnell | FOLEY & LARDNER LLP |
| Sarah O'Laughlin Kulik | 777 East Wisconsin Avenue Milwaukee, WI |
| DUANE MORRIS LLP | 53202-5306 |
| 30 S. 17th Street | Tel.: (414) 271-2400 |
| Philadelphia, PA 19103 | Fax: (414) 297-4900 |
| Tel: (215) 979-1152 | ehaas@foley.com |
| wamack@duanemorris.com | |
| spmcconnell@duanemorris.com | *Counsel for Apotex Corp.* |
| sckulik@duanemorris.com | |
| | |
| *Counsel for Defendant Aurobindo Pharma USA, Inc.* | |

 */s/ Amy D. Fitts*                                    */s/ Brian J. Smith*

Anthony C. Porcelli                         Michael Martinez
POLSINELLI PC                               Steven Kowal
150 N. Riverside Plaza, Suite 3000          Lauren Norris Donahue
Chicago, IL 60606                           Brian J. Smith
(312) 819-1900                              K&L GATES LLP
(312) 819-1910 (fax)                        70 W. Madison St., Suite 3300
aporcelli@polsinelli.com                    Chicago, IL 60602
                                            Tel.: (312) 372-1121
Amy D. Fitts                                Fax: (312) 827-8000
POLSINELLI PC                               michael.martinez@klgates.com
900 W. 48th Place, Suite 900                steven.kowal@klgates.com
Kansas City, MO 64112                       lauren.donahue@klgates.com
Tel.: (816) 753-1000                        brian.j.smith@klgates.com
Fax: (816) 222-0425
afitts@polsinelli.com                       *Counsel for Mayne Pharma Inc.*

*Counsel for Akorn, Inc. and Hi-Tech Pharmacal Co., Inc.*

/s/ Steven E. Bizar
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-2000
steven.bizar@dechert.com
john.mcclam@dechert.com
tiffany.engsell@dechert.com

*Counsel for Citron Pharma LLC*

/s/ Roger Kaplan
Brian T. Feeney
GREENBERG TRAURIG, LLP
1700 Two Commerce Square
2001 Market.Street,
Philadelphia, PA 19103
Tel.: (215) 988-7812
Fax: (215) 717-5265
feeneyb@gtlaw.com

Roger B. Kaplan
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel.: (973) 360-7957
Fax: (973) 295-1257
kaplanr@gtlaw.com

*Counsel for Dr. Reddy's Laboratories, Inc.*

/s/ Michael J. Hartman
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for West-Ward Pharmaceuticals Corp.*

/s/ Jeffrey C. Bank
Chuk Pak
Jeffrey C. Bank
Daniel Weick
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel.: (212) 497-7726
Fax: (212) 999-5899
cpak@wsgr.com
jbank@wsgr.com
dweick@wsgr.com

*Counsel for Mylan Inc., Mylan Pharmaceuticals Inc., Mylan N.V., and UDL Laboratories, Inc.*

*/s/ R. Brendan Fee*
Steven A. Reed
R. Brendan Fee
Melina R. Dimattio
MORGAN, LEWIS & BOCKUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: + 1.215.963.5000
Facsimile: + 1.215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com

Andrew S. Wellin
101 Park Avenue
New York, NY 10178
Telephone: + 1.212.309.6154
Facsimile: + 1.212.309.6001
andrew.wellin@morganlewis.com

*Attorneys for Glenmark Pharmaceuticals Inc., USA*

*/s/ Christopher P. Wilson*
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
BAKER BOTTS LLP

1299 Pennsylvania Avenue NW

Washington, DC 20004-2400

Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com

stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
CLARK HILL PLC
2001 Market St, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun Pharmaceutical Industries, Inc., Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd.*

 */s/ Sheron Korpus*
Sheron Korpus
Seth A. Moskowitz
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com

*Counsel for Actavis Pharma, Inc., Actavis Holdco U.S., Inc.*


 */s/ Mark A. Robertson*
Robin D. Adelstein
Mark A. Robertson
Gerald A. Stein
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 318-3000
Fax: (212) 808-3400
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com
gerald.stein@nortonrosefulbright.com

*Counsel for Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals International and Oceanside Pharmaceuticals, Inc.*

 */s/ J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

*Counsel for Teva Pharmaceuticals USA, Inc.*

*/s/ Jason R. Parish*
Jason R. Parish
Bradley J. Kitlowski
Brenda Gonzalez Horowitz
BUCHANAN INGERSOLL & ROONEY PC
1700 K. Street, N.W., Suite 300
Washington, D.C. 20006
Tel.: (202) 452-7900
Fax: (202) 452-7989
jason.parish@bipc.com
bradley.kitlowski@bipc.com
brenda.horowitz@bipc.com

*Counsel for Zydus Pharmaceuticals (USA), Inc.*

*/s/ Edward B. Schwartz*
Edward B. Schwartz
Jennifer M. Driscoll
Andrew C. Bernasconi
REED SMITH LLP
1301 K Street NW
Suite 1000-East Tower Washington, DC 20005
Tel: (202) 414-9200
Fax: (202) 414-9299
eschwartz@reedsmith.com
jdriscoll@reedsmith.com
abernasconi@reedsmith.com

William J. Sheridan
Courtney B. Averbach
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063
wsheridan@reedsmith.com
caverbach@reedsmith.com

*Counsel for Heritage Pharmaceuticals Inc.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>Civil Case No. 2:16-md-2724-CMR |
| THIS DOCUMENT RELATES TO:<br><br>*The Kroger Co., et al. v. Actavis Holdco US, Inc., et al.* | Individual Civil Case No. 2:18-cv-284<br><br>HON. CYNTHIA M. RUFE |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition to the Kroger DAPs' Motion for Leave to Amend was caused to be served on all counsel of record *via the Court's electronic filing system*.

                                                                                         /s/ Ryan T. Becker
                                                                                         RYAN BECKER

Dated: October 4, 2019