IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Kroger Co. et al. v. Actavis Holdco U.S., Inc. et al,* | Case No: 16-MD-2724<br>MDL No. 2724<br><br>Individual Case No. 18-CV-284<br><br>HON. CYNTHIA M. RUFE |

**KROGER PLAINTIFFS' REPLY MEMORANDUM IN
FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND**

Defendants' opposition to the Kroger Plaintiffs' Motion to Amend ("Motion") is facially without merit. As the Kroger Plaintiffs noted in our Motion, the proposed amendment is merely and only a belt and suspenders measure that conforms certain Counts in the Kroger Complaint with those alleged by the States in their Heritage-Related Complaint. We have done this so that, depending upon the Court's decision regarding the Special Master's proposed Case Management Order ("CMO") and any subsequent ruling on bellwether trial(s), the Kroger Plaintiffs' claims are aligned with the State AG's initial Heritage-Related Complaint, *see State of Connecticut et al. v. Aurobindo Pharma USA, Inc.*, No. 17-cv-03768-CMR (E.D. Pa.), and conform with the milestones in the Special Master's recommended CMO, which proposes bellwether trial(s) with respect to *claims or cases* filed as of September 1, 2019. Before filing the motion, the State AGs authorized us to inform the Court that they have agreed for the Kroger DAPs to participate with the State AGs in a bellwether trial of the Heritage-Related claims.

The proposed amendment is not substantive and does not assert any new claims; as explained previously, the proposed amendment would assert more narrow versions of the overarching conspiracy claim *already included* in the Kroger Plaintiffs' operative Complaint.

Moreover, the proposed amendment asserts claims that mirror the ones already asserted by the State AGs and *already upheld* by the Court under Rule 12. For this reason, the Kroger Plaintiffs had hoped that the proposed amendment would not be controversial.

Defendants do not dispute the procedural nature of the Kroger Plaintiffs' Motion, but oppose it anyway in order to reargue their fully-briefed and argued opposition to the Special Master's proposed CMO and to prior Court discovery rulings.

Defendants raise two primary arguments in opposition to the Kroger Plaintiffs' Motion. First, they argue – without addressing the Court's recent ruling upholding the sufficiency of the State AGs' claims to which the Kroger Plaintiffs' proposed amendments would conform – that the proposed amendment is futile. On this record, we respectfully submit that this argument is facially without merit. Second, Defendants argue that they would be substantially prejudiced by the proposed amendment. Once again, on this record, and with a proposed amendment that aligns with claims the legal sufficiency of which the Court has already sustained, this argument seems facially without merit as well. Moreover, Defendants make this argument without even attempting to meet their burden required under Rule 15(a) to demonstrate *any* prejudice (let alone prejudice that would substantial).

1. **The Proposed Amendment Is Not Futile**

Defendants' argue that "the Proposed SAC seeks to significantly expand the scope of potential liability for many of the Kroger Defendants on the Kroger DAPs' individual drug-specific conspiracy claims by naming additional defendants directly in various individual drug-specific conspiracy counts without alleging any facts to support those new claims." Defendants' Opposition, ECF No. 191 in Case No. 18-cv-284-CMR, at 1. ("Opposition").

This argument is without merit and ignores the law of the case.

2

As this Court ruled on August 15, 2019, the Kroger Plaintiffs' overarching conspiracy claim – which includes all Defendants in the MDL and more than 30 drugs – is legally plausible under *Twombly*. *In re Generic Pharm. Pricing Antitrust Litig.*, No. 16-MD-2724, 2019 WL 3842901, at *11 (E.D. Pa. Aug. 15, 2019) ("Plaintiffs make plausible claims that the alleged individual drug conspiracies were connected by common goals, methods, or actors so as to form a broader overarching conspiracy."). Defendants offer no explanation as to why additional facts are necessary to sustain *the more narrow claims* included in the proposed amendment, when the broader conspiracy in Kroger Plaintiffs' Complaint survives Rule 12 as pled. Defendants also fail to explain why the proposed amendments fail, when the Court has already sustained the sufficiency of the State AG claims to which the proposed amendments conform. Accordingly, in the light of the Court's ruling on the plausibility of the overarching conspiracy claims, Defendants' futility objection is, respectfully, baseless.

**2.** **Defendants Fail to Meet Their Burden to Establish "Substantial Prejudice"**

It is well established that Rule 15(a) allows for the liberal amendment of pleadings, and that "the burden is generally on the non-moving party to demonstrate why leave to amend should not be granted." *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (holding that undue prejudice would result from amendment one month prior to the close of discovery because adding the new party would "significantly delay[] resolution of a case that has been pending for several years and required discovery in both the United States and Germany, discovery which would have to be repeated to some degree if Biomet were added as a party").

Defendants do not meet their burden here, given that the Kroger Plaintiffs' current overarching conspiracy claim is inclusive of the individual-drug conspiracies that the Kroger Plaintiffs seek to amend. In other words, the Kroger Plaintiffs *already* allege that all Defendants

3

participated in a conspiracy to fix prices of numerous drugs that they did not manufacture, including each of the individual drugs that are the subject of the proposed amendment. Thus, the currently operative Complaint already alleges, for example, that Dr. Reddy's, Heritage, Actavis, Apotex, Aurobindo, Citron, Glenmark, Lannett, Mayne, Mylan, Par, Sandoz,, Sun, Teva, and Zydus conspired to fix prices of Zoledronic Acid, even though these Defendants did not manufacture that drug.

Because all Defendants are *already* subject to liability for fixing prices of the drugs included in the proposed amendment, no one can argue that they would have done anything differently if we had asserted the proposed amendment earlier. Defendants therefore cannot meet their burden to demonstrate substantial prejudice. *See Smith v. Genesis Ventures I, LLC*, No. 06-1473-CMR, 2006 WL 3592330, at *2 (E.D. Pa. Dec. 8, 2006) ("Without more precise proffers of prejudice from the Defendants, the Court finds that generalized inconvenience and cost is not alone enough to justify denying the motion to amend, which Rule 15(a) contemplates should be freely allowed.").

Indeed, given that document production in this MDL is still in its early stages, even if Defendants would have defended the case differently, they have ample opportunity to undertake those additional steps going forward. And because Rule 15 is primarily concerned with decisions on the merits, amendments are proper even when some discovery would need to be repeated or some delay would result from the new allegations – neither of which is the situation presented here anyway. *See Genesis Ventures*, 2006 WL 3592330, at *2 (granting leave to amend despite the likelihood "that adding these four additional parties will add to the lengthiness and cost of the litigation").

4

Finally, Defendants argue that the amendment should be denied because the Kroger Plaintiffs' theory of liability "potentially subject[s] those [newly added] Defendants to direct liability for those individual drug conspiracies even if an overarching conspiracy is ultimately rejected by the Court or the trier of fact."  This argument puts the cart before the horse. The possibility that a trier of fact might reject the plaintiffs' theory of liability at a later stage in the proceedings – a possibility that exists in every civil action ever filed – does not provide a basis to preclude an amendment under Rule 15(a).  *See, e.g., Genesis Ventures*, 2006 WL 3592330, at *2 (granting leave to amend to assert new theories of liability and noting that generalized inconvenience does not provide a basis to deny an amendment under Rule 15's liberal standard).

3. **Defendants Do Not Demonstrate Substantial Prejudice From the Allegations Related to the New Safeway Assignment**

As noted in the Motion, the proposed amendment also puts Defendants on notice of a new assignment of claims from Cardinal to Safeway (an Albertsons' subsidiary expressly referenced in the initial Complaint).  This assignment – which allows Albertsons to assert claims based on direct purchases of generic drugs by Cardinal that were then resold to Safeway – did not exist when Albertsons filed its claim in January 2018.

Defendants do not argue that they are unduly prejudiced by the new assignment, nor could they.  After all, as noted earlier, fact discovery in this MDL is in its early stages.

In this case, although Defendants note that Cardinal is a "non-party," as one of the largest wholesalers in the country, it is a member of the putative direct purchaser class, and Defendants are certainly on notice of the existence of Cardinal's claims.  Accordingly, because no discovery will need to be repeated, and because Defendants cannot credibly argue that they were unaware that they could face liability for Cardinal's direct purchases that were then resold to Safeway, they cannot meet their burden in demonstrating substantial prejudice from this proposed amendment.

5

**4.      The Proposed Amendment is Neither Untimely Nor Late**

Defendants argue at the end of their brief that the proposed amendment is both untimely – based on Pretrial Order 61 – and also premature (because no bellwether trial has been selected).

First, PTO 61 – which the Court entered for the purpose of allowing all parties to amend without seeking leave of Court under Rule 15 – expressly contemplated that there could be additional amendments in this MDL and noted that such amendments need comply with "the Federal Rules of Civil Procedure or Court Order."  ECF No. 775.  Because Defendants cannot demonstrate that the proposed amendment fails under Rule 15(a), PTO 61 does not bar the proposed amendment either.

Second, the proposed amendment is not premature.  (There is obvious irony in the fact that Defendants even raise this argument, given their timeliness objections asserted elsewhere in the Opposition).  As the Defendants correctly acknowledge, "Special Master Marion's Report and Recommendation merely proposes a process to select such a trial (or trials) in the future." Opposition at 11.  Special Master Marion's Report also recommended that its deadlines should only apply to claims on file prior to September 1, 2019.  We have been forthcoming from the start in explaining that our Motion is intended to protect the Kroger Plaintiffs' ability to conform with the milestones in the Special Master's proposed CMO were it to become the Order of this Court. By allowing the proposed amendment, which was filed on August 30, 2019, it will allow the Kroger Plaintiffs and the States to jointly advocate for the consideration of the inclusion of the Heritage-Related Claims in any bellwether trial(s) under the deadlines in the proposed R&R.

Dated: October 18, 2019

Respectfully submitted,

By: _____
Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Scott E. Perwin, Esquire
Anna T. Neill, Esquire
Samuel J. Randall, Esquire
Brandon S. Floch, Esquire
Joshua B. Gray, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
sperwin@knpa.com
aneill@knpa.com
srandall@knpa.com
bfloch@knpa.com
jgray@knpa.com

*Counsel for the Kroger Plaintiffs*

609006.1