# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | Case No: 16-MD-2724 MDL No. 2724 |
| THIS DOCUMENT RELATES TO: | Individual Case No. 18-CV-284 HON. CYNTHIA M. RUFE |
| *The Kroger Co. et al. v. Actavis Holdco U.S., Inc. et al,* | |

**KROGER DIRECT ACTION PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLMENTAL AUTHORITY**

Defendants' supplemental authority, *In re Nat'l Prescription Opiate Litig.*, --- F.3d ---, 2020 WL 1875174 (6th Cir. Apr. 15, 2020) ("*Opiate*"), is plainly distinguishable from the facts here and thus not supportive of Defendants' opposition (the "Opposition") to the Kroger DAPs' motion to amend (the "Motion"). If anything, the decision supports the Kroger DAPs' Motion, which is fully briefed.[1] We explain our reasoning below.

First, the facts in *Opiate* are clearly and materially different from the facts regarding the Kroger DAPs' Motion in *Generics*. In *this* case (unlike in *Opiate*), the operative case management order and the Court's comments at multiple status hearings expressly contemplate amended pleadings.[2] Further, the Kroger DAPs seek to amend based on facts learned through discovery conducted in the 14 months prior to the amendment at a time when fact discovery in this MDL is still at its nascent stage, as Defendants have completed just a fraction of their Rule 30 document

---

[1] Defendants continue to use the pendency of the Motion not to meet/confer with the Kroger DAPs on certain discovery. *See* Kroger DAPs' Reply, DE 216, at 11 n.12.

[2] *See, e.g.*, PTO 105, ¶ 1 ("With respect to any new complaint or amended complaint filed after September 1, 2019 ..."); Transcript of Sept. 24, 2019 Hearing; Transcript of Dec. 13, 2019 Hearing.

productions and deposition discovery has not even begun.  In stark contrast, the plaintiffs in *Opiate* sought to amend after the close of both fact and expert discovery and the deadline to file dispositive motions, and they moved to amend in order to assert claims that they had expressly disavowed prior to the deadline to file amended pleadings.  This comparison demonstrates that *Opiate* is not supplemental authority supporting Defendants' Opposition – respectfully, we submit that it is not even close.

Second, *Opiate* confirms that Defendants' attempt to analogize PTO 61 to a Rule 16 Scheduling Order is misguided.  *Opiate* explains that a Rule 16 Scheduling Order that provides an operative final deadline to amend pleadings "**must**" also include other items, such as the deadlines to join other parties, complete discovery, and file motions.  *Id.* at*2 (quoting Fed. R. Civ. P. 16).  Thus, a Rule 16 Scheduling Order "ensure[s] that at some point both the parties and the pleadings will be fixed."  *Id.*  Pretrial Order 61 did not attempt to do any of this, because PTO 61 was not a Scheduling Order under Rule 16.  Instead, PTO 61 – which was entered as a stipulation between the parties after the Court had already granted the Class Plaintiffs leave to amend their Econazole complaints – merely established the time frame for the parties to file those amended complaints and brief a second round of Rule 12 motions.[3]  Thus, *Opiate* confirms that Defendants attempt to re-write PTO 61 to include a final deadline to amend pleadings is misguided opportunism.

Third, *Opiate* confirms that a motion to amend the pleadings is permissible upon a showing of good cause.  The plaintiffs in *Opiate* did not even attempt to satisfy the good cause standard because: (i) they were aware of the claims that they later sought to assert by amendment prior to

---

[3]        Indeed, at the time of these amendments, the Kroger DAPs were permitted to amend as of right under Rule 15, because no Defendant had answered our then-operative original Complaint.

the deadline to amend, but "expressly disavowed" these claims; and (ii) both discovery and the summary judgment deadlines had also closed.[4]  In stark contrast,  as demonstrated at length in our Reply in support of the proposed amendment, in *this* case (unlike in *Opiate*), the Kroger DAPs establish good cause because we seek to amend based on evidence discovered after December 2018.  Further, no one is prejudiced by this amendment because discovery in this MDL is still at its nascent stage, as Defendants have completed just a fraction of their Rule 30 productions and deposition discovery has not yet commenced.  *See* ECF No. 216, 5–11.

Based on the foregoing analysis, the Kroger DAPs respectfully submit that *Opiate* is not supplemental authority supporting Defendants' Opposition to the Kroger DAPs' motion for leave to amend.  If anything, *Opiate* supports the conclusion that the Court should grant Kroger DAPs leave to file their proposed Second Amended Complaint.

---

[4]     The Sixth Circuit in *Opiate* was emphatic on this point: "Neither the Counties nor the district court have even attempted to show that the Counties demonstrated diligence as required by Rule 16(b).  Quite the contrary: as the district court recognized then, and as the Counties concede now, the Counties did not bring their dispensing claims earlier because they *expressly chose not to bring them*.  Indeed, the Counties' knowing and voluntary relinquishment of those claims arguably amounts to an outright waiver of them.  *See generally United States v. Olano*, 507 U.S. 725, 733 (1993).  Not a circuit court in the country, so far as we can tell, would allow a district court to amend its scheduling order under these circumstances."

Dated:  April 27, 2020                          Respectfully submitted,


                                                By: */s/ William J. Blechman*
                                                     Richard Alan Arnold, Esquire
                                                     William J. Blechman, Esquire
                                                     Scott E. Perwin, Esquire
                                                     Anna T. Neill, Esquire
                                                     Samuel J. Randall, Esquire
                                                     Brandon S. Floch, Esquire
                                                     Joshua B. Gray, Esquire
                                                     KENNY NACHWALTER, P.A.
                                                     1441 Brickell Avenue
                                                     Suite 1100
                                                     Miami, Florida  33131
                                                     Tel:    (305) 373-1000
                                                     Fax:   (305) 372-1861
                                                     E-mail: rarnold@knpa.com
                                                               wblechman@knpa.com
                                                               sperwin@knpa.com
                                                               aneill@knpa.com
                                                               srandall@knpa.com
                                                               bfloch@knpa.com
                                                               jgray@knpa.com

                                                     *Counsel for the Kroger Direct Action*
                                                     *Plaintiffs*


619274.1

4