# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | **MDL 2724**<br>**16-MD-2724**<br>**HON. CYNTHIA M. RUFE** |
| THIS DOCUMENT RELATES TO: | **Civil Action Nos.** |
| *The Kroger Co., et al. v. Actavis Holdco U.S., Inc., et al.* | 18-cv-00284 |
| *United Healthcare Services, Inc. v. Actavis Holdco U.S. Inc., et al.* | 19-cv-00629 |
| *Humana Inc. v. Actavis Elizabeth, LLC, et al.* | 19-cv-04862 |
| *Health Care Service Corp. v. Actavis Elizabeth, LLC, et al.* | 19-cv-05819 |
| *1199SEIU National Benefit Fund, et al. v Actavis Holdco U.S., Inc., et al.* | 19-cv-06011 |
| *Reliable Pharmacy, Inc., et al. v. Actavis Holdco US, Inc., et al.* | 19-cv-06044 |
| *MSP Recovery Claims, Series LLC, et al. v. Actavis Elizabeth, LLC, et al.* | 20-cv-00231 |
| *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC, et al.* | 20-cv-00695 |
| *Rite Aid Corp. and Rite Aid Hdqtrs. Corp.. v. Actavis Holdco US, Inc., et al.* | 20-cv-03367 |
| *J M Smith Corp. v. Actavis Holdco U.S., Inc., et al.* | 20-cv-04370 |
| *County of Suffolk v. Actavis Holdco US, Inc., et al.* | 20-cv-04893 |
| *Walgreen Company v. Actavis Holdco U.S. Inc., et al.* | 20-cv-06258 |

| | |
|---|---|
| *Winn-Dixie Stores, Inc., et al. v. Actavis Holdco U.S., Inc., et al.* | 20-cv-06290 |
| *Reliable Pharmacy, Inc., et al. v. Actavis Holdco US, Inc., et al.* | 20-cv-06291 |
| *CVS Pharmacy, Inc., v. Actavis Elizabeth, LLC, et al.* | 20-cv-06310 |
| *County of Albany, et al. v. Actavis Holdco US, Inc., et al.* | 21-cv-01875 |
| *County of Westchester, et al. v. Actavis Holdco US, Inc., et al.* | 21-cv-04474 |
| *Providence St. Joseph Health, et al. v. Actavis Holdco U.S., Inc.* | 23-cv-03636 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OMNIBUS PARTIAL MOTION TO DISMISS
<u>CONSPIRACY CLAIMS FOR WHICH THERE ARE NO FACTUAL ALLEGATIONS</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ................................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

I.    Conspiracy Claims on Products Without Factual Allegations Should be Dismissed ..........6

II.   Conspiracy Claims on Products Without Factual Allegations as to
      Certain Defendants Should be Dismissed for those Defendants .....................................10

CONCLUSION.....................................................................................................................14

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................ *passim*

*In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. I"),*
  338 F. Supp. 3d 404 (E.D. Pa. 2018) ............................................... *passim*

*In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. II"),*
  368 F. Supp. 3d 814 (E.D. Pa. 2019) ...................................................5

*In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. III"),*
  386 F. Supp. 3d 477 (E.D. Pa. 2019) ......................................4, 5, 11, 13

*In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. IV"),*
  394 F. Supp. 3d 509 (E.D. Pa. 2019) .............................................2, 4, 5

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,*
  602 F.3d 237 (3d Cir. 2010)...................................................................4

*In re Ins. Brokerage Antitrust Litig.,*
  618 F.3d 300 (3d Cir. 2010)...................................................................7

*Kendall v. Visa U.S.A., Inc.,*
  518 F.3d 1042 (9th Cir. 2008) ...............................................................5

*In re Processed Egg Prods. Antitrust Litig.,*
  821 F. Supp. 2d 709 (E.D. Pa. 2011) .............................................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 8 .......................................................3, 4, 5

**INTRODUCTION**

*Twombly* requires dismissal of conspiracies and portions of conspiracies identified by mere "labels and conclusions" and without any factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In this Motion, Defendants seek dismissal of alleged conspiracies or portions of alleged conspiracies related to generic drug products and/or Defendants for which there are *no* factual allegations. The Complaints lack well-pled facts that plausibly connect the individual products at issue in this Motion to any one of the purported conspiracies or to certain Defendants' purported misconduct.[1] Dismissing these allegations will allow each group of

---

[1] This Motion addresses products mentioned in 18 Complaints:

1. 18-cv-00284, Proposed Second Am. Compl., ECF No. 231 ("Kroger Complaint");
2. 19-cv-00629, Supp. and Second Am. Compl., ECF No. 169 ("United Healthcare Complaint");
3. 19-cv-04862, Am. Compl., ECF No. 39 ("Humana Complaint");
4. 19-cv-05819, Am. Compl., ECF No. 42 ("HCSC Complaint");
5. 19-cv-06011, End-Payor Second Am. Class Action Compl., ECF No. 85 ("EPP Complaint");
6. 19-cv-06044, July 2022 Am. Compl., ECF No. 190 ("IRP II Complaint");
7. 20-cv-00231, First Am. Compl., ECF No. 49 ("MSP Complaint");
8. 20-cv-00695, Am. Compl., ECF No. 57 ("Molina Complaint");
9. 20-cv-03367, Am. Compl., ECF No. 27 ("Rite Aid Complaint");
10. 20-cv-04370, Am. Compl., ECF No. 200 ("JM Smith Complaint");
11. 20-cv-04893, Proposed First Am. Compl., ECF No. 110-2 ("Suffolk Complaint");
12. 20-cv-06258, Am. Compl., ECF No. 179 ("Walgreens Complaint");
13. 20-cv-06290, Am. Compl., ECF No. 2902-2 (filed in 16-MD-2724) ("Winn-Dixie Complaint");
14. 20-cv-06291, Am. Compl., ECF No. 77 ("IRP III Complaint");
15. 20-cv-06310, First Am. and Supp. Compl., ECF No. 187 ("CVS Complaint");
16. 21-cv-01875, Supp. and Second Am. Compl., ECF No. 144 ("Albany Complaint");
17. 21-cv-04474, Supp. and Second Am. Compl., ECF No. 138 ("Westchester Complaint");
18. 23-cv-03636, Supp. and First Am. Compl., ECF No. 215 ("Hospitals Complaint").

As used herein, "Plaintiffs" refers to the Plaintiffs bringing these 18 actions and "Complaints" refers to their operative complaints. The Suffolk, Albany, and Westchester Complaints are collectively referred to as the "County Complaints," and the Plaintiffs in those actions are collectively referred to as the "County Plaintiffs."

Certain Defendants join this Motion only with respect to certain actions, as set forth in note 10, *infra*. The parties in *County of Nassau, et al., v. Actavis Holdco US, Inc, et al.* entered into a

Plaintiffs and Defendants to focus on the remaining alleged conspiracies and products in the Complaints for which there *are* some factual allegations.[2]

"Plaintiffs must allege 'enough *factual matter* (taken as true) to suggest that an agreement was made.'" *In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. IV")*, 394 F. Supp. 3d 509, 525 (E.D. Pa. 2019) (quoting *Twombly*, 550 U.S. at 556) (emphasis added). This Court has found that conspiracy claims concerning specific drugs meet this standard when a complaint alleges direct or circumstantial evidence concerning the existence of a purported conspiracy. This must include allegations of who was involved and what products were included. Here, however, the Complaints fail to allege any direct or circumstantial facts connecting the products at issue to a conspiracy. Instead, these products are merely listed or alluded to in the Complaints without any of the corresponding facts required to plausibly suggest the existence of a conspiracy among all or some of the named Defendants. That fails under *Twombly*.

The deficiencies at issue in this Motion fall into two categories. *First*, there are claims that conspiracies existed for hundreds of drugs for which there are *no* factual allegations. Some complaints identify certain drugs in passing by name, but contain no factual allegations about those drugs. *See* Ex. 1. Similarly, Plaintiffs attempt to sweep in an undefined universe of products by referring broadly to purported conspiracies over "all dosages, strengths, and formulations" or "all generic drugs manufactured by Defendants," seeking to encompass countless unnamed products without any corresponding factual support. *See* Ex. 2. These Complaints have allegations about

---

stipulation providing that Defendants do not need to respond to the complaint in that case at this time, in light of pending motions to amend, and Defendants have not included that action in this Motion. *See* 20-cv-00065, ECF No. 151. If the Court does not approve the stipulation, Defendants reserve the right to respond to the complaint.

[2] By moving to dismiss only a selection of the product conspiracies at issue in each Complaint, Defendants do not concede that the factual allegations for any product conspiracy not identified herein are sufficient or that the claims underlying these Complaints are legally appropriate.

some but not all "dosages, strengths, and formulations," and some but not "all generic drugs manufactured by Defendants." But neither the drugs identified only by name nor the undefined drugs are connected to any direct evidence or circumstantial plus factors alleged by Plaintiffs that could plausibly support the existence of a conspiracy. Thus, claims for conspiracies over the drugs in Exhibit 1 and the overbroad claims for conspiracies over "all generic drugs manufactured by Defendants" or "all dosages, strengths, and formulations" in the Complaints in Exhibit 2 should be dismissed.

*Second*, there are claims for alleged drug conspiracies on which groups of Defendants are sued, but for which there are no factual allegations linking certain Defendants to the purported conspiracies. *See* Ex. 3. For these conspiracies, Plaintiffs include a conclusory allegation that a particular Defendant participated in the alleged conspiracy (for example, in an exhibit listing products and alleged co-conspirators), but otherwise offer no facts connecting that Defendant to the purported conspiracy. Plaintiffs' conspiracy claims cannot survive against a Defendant for which no facts are pled identifying how, when, or where *that specific Defendant* supposedly participated in the alleged conspiracy.

The claims based on products in Exhibits 1 and 3, as well as the generalized category of "all dosages, strengths, and formulations" or "all generic drugs manufactured by defendants" in Exhibit 2, are textbook examples of the "labels and conclusions" that fail under Federal Rule of Civil Procedure 8 and *Twombly*. Accordingly, the conspiracy claims related to those products and Defendants should be dismissed.

## BACKGROUND

This multi-district litigation ("MDL") involves allegations of anticompetitive conduct in the generic pharmaceutical drug industry. Plaintiffs are various direct and indirect purchasers of generic pharmaceuticals manufactured, sold, and/or marketed by Defendants. Plaintiffs' claims—

which include violations of the Sherman Act, the Clayton Act, and various state antitrust and consumer protection statutes—boil down to hundreds of alleged price-fixing conspiracies for individual generic drugs and an alleged overarching price-fixing conspiracy across the generic drug industry.

This Court's prior opinions detail the pleading standards applicable in this MDL. *See In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. I")*, 338 F. Supp. 3d 404, 451 (E.D. Pa. 2018); *In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. III")*, 386 F. Supp. 3d 477 (E.D. Pa. 2019); *Generic Pharms. IV*, 394 F. Supp. 3d at 526. However, the Court has not yet addressed the specific issue presented here: barebone, scattershot listing of alleged product-conspiracies, a passing reference to a broad category of products, and Defendant-participants without any factual allegations to connect them to a purported conspiracy. In December 2024, Defendants filed an Omnibus Partial Motion to Dismiss Conspiracy Claims for Which There Are No Factual Allegations, seeking dismissal of similar deficiencies in two complaints. *See* 24-cv-01430, ECF No. 66-1. That motion is pending.

### **ARGUMENT**

Plaintiffs are required—whether under the Sherman Act or various state laws—to plausibly plead the existence of "concerted action by the defendants." *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 253 (3d Cir. 2010) (quoting *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 207 (3d Cir. 2005)) (describing the elements of a claim brought under Section 1 of the Sherman Act).[3] While Plaintiffs are not required to plead "in elaborate detail," their conspiracy

---

[3] This Motion focuses on claims brought under Section 1 of the Sherman Act, which are included in all of the Complaints. *See* 15 U.S.C. § 1. While certain Plaintiffs bring additional claims under state laws, those claims are all predicated on the existence of one or more conspiracies and are subject to the basic pleading requirements under Federal Rules of Civil Procedure 8(a) and

claims must include sufficient factual allegations of an agreement, and of each Defendant's purported participation in that agreement. *See Generic Pharms. I*, 338 F. Supp. 3d at 437-38; *see also In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 719 (E.D. Pa. 2011). As this Court has explained, "sprinkling a complaint with conclusory assertions that a party was a participant in coordinated conduct or a conspirator or acted in concert with others does not make the requisite showing of entitlement to relief mandated by Rule 8(a)(2)." *Generic Pharms. III*, 386 F. Supp. 3d at 484 (citation and internal quotation marks omitted); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (plaintiffs' claims must fail because they do not answer "basic questions" about each defendant's participation in the alleged conspiracy: "who, did what, to whom (or with whom), where, and when?"). Instead, some factual "connective tissue" is required to link each defendant, for each product at issue, with the coordinated collusive conduct of its alleged conspirators. *See Generic Pharms. IV*, 394 F. Supp. 3d at 526.

This Motion addresses two types of allegations that do not meet this standard. The first involves conspiracies over products lacking any factual allegations whatsoever. These are circumstances where products are merely listed or vaguely alluded to in the Complaints without any additional factual allegations to suggest the existence of a conspiracy over a specific product or a group of products. The second type involves conspiracies over products lacking any factual allegations as to specific Defendants. These are circumstances where a Defendant is listed as participating in a conspiracy over a product but for which there are no factual allegations to plausibly connect that Defendant to the purported conspiracy. A common thread across both types of inadequately pled allegations is the absence of facts sufficient to plausibly suggest that

---

12(b)(6) and *Twombly. See In re Generic Pharms. Pricing Antitrust Litig. ("Generic Pharms. II"),* 368 F. Supp. 3d 814, 831 (E.D. Pa. 2019) (citing to Twombly, 550 U.S. at 557).

Defendants colluded on a given product or a set of products. At most, Plaintiffs have alleged that they may have purchased these products or provided reimbursements for them. Plaintiffs must do more under *Twombly* to survive a motion to dismiss. Plaintiffs cannot seek recovery by merely "tender[ing] naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## I.    Conspiracy Claims on Products Without Factual Allegations Should be Dismissed.

Plaintiffs fail to state a claim that Defendants conspired with respect to numerous products for which there are no factual allegations. This fault appears in two ways in the Complaints. First, there are hundreds of drugs that are merely listed, without connection to any supporting facts alleging a conspiracy. *See* Ex. 1. Second, a number of Complaints contain allegations of conspiracies over "all dosages, strengths, and formulations" of certain products, and conspiracies over *all* generic drugs manufactured and sold by Defendants, even though there are no facts to support conspiracies over *all* product variations. *See* Ex. 2. Across these types of pleadings is the same fundamental flaw—a lack of facts to plausibly suggest the existence of a conspiracy over named or unnamed products.

With respect to the first issue, in the CVS Complaint, for example, there are no allegations concerning *more than half* of the 404 drugs listed in Appendix A to the Complaint, which CVS alleges were each the subject of collusive agreements. *See* CVS Compl. ¶ 3, App. A; *see also* Ex. 1. Out of the 404 drugs that CVS alleges to be "Price-Fixed Drugs," 271 are simply listed in an Appendix to the Complaint without any facts supporting CVS's contention that those drugs were "Price-Fixed." *See* Ex. 1. For 37 of these 271 products, there are no references to them *at all* outside their listing in Appendix A. There are no allegations identifying the Defendants alleged to have colluded with respect to those drugs, and there is often no formulation specified. The other 234 drugs included in CVS's Appendix A are also listed in at least one Defendant-specific

Appendix to the Complaint (CVS Compl., Apps. B-H), but still without any supporting factual allegations. The County Complaints suffer from a similar infirmity. *See* Ex. 1. The Westchester Complaint includes 228 drugs for which there are no factual allegations, and the Suffolk and Albany Complaints include 74 and 31 drugs lacking any factual allegations, respectively. *See id.*

For the drugs in Exhibit 1, there are no factual allegations concerning *any conduct* in connection with these drugs. There are no allegations identifying documents, communications, or trade organization meetings sufficient to "explicitly manifest[] the existence of" an antitrust agreement. *See Generic Pharms. I*, 338 F. Supp. 3d at 439 (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 324 n.23 (3d Cir. 2010)). Plaintiffs do not allege coordinated price changes with respect to these drugs, or any other behavior that could be construed as anticompetitive. *Cf. id.* at 442 (finding that allegations of parallel and close-in-time pricing movements, coupled with additional circumstantial evidence, were sufficient at the pleading stage). Missing entirely are the kinds of circumstantial evidence this Court has previously found, when linked together, can be sufficient to state a conspiracy claim on a given product at the pleading stage. *See id.* at 442, 453.

As for the second variant, Plaintiffs seek to include countless other products that are otherwise never mentioned in the Complaints through the use of catch-all phrases, seemingly designed to broaden the scope of their alleged conspiracy claims without any corresponding factual support. For example, the County Plaintiffs assert that an alleged overarching conspiracy impacted *all* generic drugs manufactured and sold by Defendants. *See* Ex. 2; Suffolk Compl. ¶ 1; Albany Compl. ¶ 4; Westchester Compl. ¶ 4. There can be no serious dispute that the County Plaintiffs

fail to list, let alone bring allegations regarding every possible molecule and formulation of, every generic drug manufactured and sold by Defendants.[4]

Similarly, certain Complaints contain factual allegations that the alleged conspiracy impacted "all dosages, strengths, and formulations" or "all formulations and doses" of identified generic drugs, but without factual allegations to support such a sweeping statement. *See* Ex. 2; Kroger Compl. ¶ 13; United Compl. ¶ 2; Rite Aid Compl. ¶ 13; JM Smith Compl. ¶ 13; Winn-Dixie Compl. ¶ 27; Albany Compl. ¶ 498; Westchester Compl. ¶ 388; Hospitals Compl. ¶ 29. Other Complaints simply name only the active ingredient, implicitly sweeping in all formulations, dosages, and strengths. *See* CVS Compl. App. A[5].

For example, certain Plaintiffs allege that certain Defendants participated in a conspiracy involving "Ciclopirox." *See* Kroger Compl. ¶ 2877, Count 42; JM Smith Compl. ¶ 2900, Count 42; Rite Aid Compl. ¶ 2891, Count 42. While these Plaintiffs assert Ciclopirox is manufactured in a variety of formulations, "including cream, gel, shampoo, solution, and suspension," they only allege facts as to Ciclopirox cream. *See* Kroger Compl. ¶ 692; JM Smith Compl. ¶ 715; Rite Aid Compl. ¶ 687. Similarly, the CVS Complaint lists "Etodolac" as one of the allegedly "Price-Fixed

---

[4] Because of the lack of specificity in the County Complaints as to the allegedly impacted drugs, Defendants have sought additional information as to which drugs the County Plaintiffs actually claim were the subject of alleged conspiracies. Certain County Plaintiffs have stipulated or are negotiating a stipulation to provide clarity on this issue. However, because the respective operative County Complaints still contain impermissibly broad allegations, Defendants move to dismiss these allegations here. The charts for the County Complaints in Exhibit 1 include asterisks next to the drugs for which Plaintiffs have asserted they are no longer pursuing claims.

[5] The CVS Complaint also contains a third variant of overbroad allegations. In Count II, CVS alleges that Defendants entered into conspiracies to "eliminate competition in the sale of each Price-Fixed Drug and to raise the price of *each Price-Fixed Drug* to supra-competitive levels." CVS Compl. ¶ 275 (emphasis added). In addition to the fact that the CVS Complaint contains no allegations at all concerning more than half of its alleged "Price-Fixed Drugs" (*see* Ex. 1), CVS certainly does not allege that *each* Defendant entered into a conspiracy for *every* alleged "Price-Fixed Drug."

Drugs," but the factual allegations only refer to Etodolac ER tablets. *See* CVS Compl. ¶ 142, A-4. The Westchester Plaintiffs allege that "all formulations and doses" of both "Hydralazine" and "Hydralazine Hydrochloride" were impacted by alleged anticompetitive conduct, but the Complaint only contains allegations as to Hydralazine Hydrochloride tablets. *See* Westchester Compl. ¶ 388. These are just a few of the numerous examples across the Complaints where Plaintiffs allege multiple formulations of a drug were impacted by an alleged conspiracy, but fail to include any supporting allegations, or only allege facts as to certain formulations. This is insufficient and these overbroad allegations should be dismissed.

The Court has previously observed that alleged conspiracies vary across different formulations of products. *Generic Pharms. I*, 338 F. Supp. 3d at 419 (evaluating alleged conspiracy claims over "doxycycline hyclate" and noting differences in claimed conspiracies between rapid release and extended release formulations).[6] And, the Court has declined to consider a formulation that was not "specifically implicated" as part of the conspiracy. *See also id.* at 419 n.39 (noting that a third formulation of Doxycycline (Doxy Mono) was not "specifically implicated" in alleged conspiracy). In the example above, the only "Ciclopirox" product "specifically implicated" in the Kroger, JM Smith, and Rite Aid Complaints is Ciclopirox cream. There are no facts from which to plausibly infer the existence of a conspiracy as to any other product encompassed by "all dosages, strengths, and formulations" of Ciclopirox, including gel, shampoo, solution, or suspension. These Complaints thus fall short of alleging the direct or circumstantial evidence sufficient to state a claim for conspiracy regarding "all dosages, strengths, and formulations" of Ciclopirox products. *See Generic Pharms. I*, 338 F. Supp. 3d at 453-54. The

---

[6] *See also* CVS Compl. ¶ 103 n.7 ("[F]rom a purchasing and prescribing perspective, each formulation, dose, and strength of a generic pharmaceutical is considered a unique drug.").

same goes for any other product for which there are no specific facts to suggest that unidentified dosages, strengths, and/or formulations were subject to an alleged conspiracy. Exhibit 2 identifies the Complaints with this kind of inadequate pleading.

In both scenarios, Plaintiffs' vague and conclusory allegations do not give Defendants "reasonable notice" of the claims against them. *See In re Processed Egg Prods.*, 821 F. Supp. 2d at 719. Reasonable notice includes allegations of a "specific time, place, or person involved in the alleged conspiracies." *See Twombly*, 550 U.S. at 565 n.10. Plaintiffs fail to allege the required details for the products in Exhibit 1, and the amorphous category of "all dosages, strengths, and formulations" or all drugs manufactured or sold by Defendants in Exhibit 2. With nothing more than a list or references to drugs, Defendants have "little idea where to begin" and lack guideposts to mount a proper defense as to those conspiracies. *See id.* Accordingly, conspiracy claims over products for which there are no factual allegations identified in Exhibits 1 and 2 should be dismissed.

## II.    Conspiracy Claims on Products Without Factual Allegations as to Certain Defendants Should be Dismissed for those Defendants.

Plaintiffs have failed to state a claim against certain Defendants for the drug-specific conspiracy claims identified in Exhibit 3. Plaintiffs assert numerous conspiracy claims against these Defendants without alleging any facts to suggest that they participated in the alleged conspiracies. The claims in Exhibit 3 should be dismissed as to the specified Defendants.

This Court previously dismissed claims against defendants where a plaintiff failed to allege facts that showed the defendant's involvement in a purported conspiracy. For instance, in *Generic Pharms. I*, the Court determined that plaintiffs' allegations against Teligent "fall short of making plausible the contention that it had an opportunity to conspire with other Defendants" to fix prices for Econazole. 338 F. Supp. 3d at 451. The Court explained that there were no allegations of

10

relevant trade association meetings, industry-sponsored social gatherings, or government investigations "[v]iewed in the context of the timing of Teligent's econazole price increases" sufficient to support a claim. *See id.* Similarly, the Court dismissed McKesson because the plaintiff included "no explicit allegations of parallel conduct by McKesson" and "allege[d] in conclusory manner that the largest Defendant manufacturers [] enlisted tacitly or explicitly distributor McKesson as a cooperating co-conspirator." *Generic Pharms. III*, 386 F. Supp. 3d at 483-84 (cleaned up).

These holdings are consistent with precedent from the Supreme Court and sister courts in the Third Circuit. *See Twombly*, 550 U.S. at 558; *In re Processed Egg Prods.*, 821 F. Supp. 2d at 720 ("The Court properly looks for more than mere repetitive generic reference to 'Defendants' tacked on to a conclusory verb form to connect an individual defendant to an actual agreement in an antitrust conspiracy."). In sum, well-settled case law requires that Plaintiffs allege facts that plausibly tie *each* alleged Defendant to *each* alleged conspiracy on which Plaintiffs seek to hold that Defendant liable. *In re Processed Egg Prods.*, 821 F. Supp. 2d at 721. Plaintiffs fail to meet this pleading requirement for the product conspiracies listed in Exhibit 3. This deficiency appears in a variety of ways.

*First*, for some alleged conspiracies (listed in Exhibit 3), Plaintiffs identify a specific Defendant-conspirator with respect to a certain product but fail to even mention that Defendant in the factual allegations regarding the product. *See, e.g.*, CVS Compl. Count II and App. A (alleging that Apotex has entered into individual conspiracies on 404 drugs without identifying any facts as to Apotex's involvement on over 390 of those drugs). Claims on those 390 drugs should be

11

dismissed as to Apotex.[7]    Similarly, the IRP III Complaint identifies Wockhardt as a "Defendant[/]Co-Conspirator[]" in a Carbamazepine Oral Suspension ("Carbamazepine") conspiracy.  IRP III Compl. at 140, App. A.  However, none of the factual allegations about Carbamazepine contain any mention of Wockhardt.  *See id.* at ¶¶ 236-50.  Therefore, Wockhardt should be dismissed from the alleged Carbamazepine conspiracy.

*Second*, some Defendants listed in Exhibit 3 are mentioned in connection with a product's allegations, but those allegations fail to describe any participation by that Defendant in the purported conspiracy.  At times, the only allegation concerning a Defendant is that the company manufactured the product at issue.  *See, e.g.*, Kroger Compl. ¶¶ 879-82; 2877 (sole allegation as to Actavis with respect to Desogestrel/Ethinyl Estradiol Tablets is that Actavis was a "primary manufacturer" of this product).

*Third*, even when Plaintiffs allege facts that plausibly tie a Defendant to a conspiracy related to one formulation, at times they fail to tie the Defendant to *each* conspiracy alleged against it.  This is impermissible.  *In re Processed Egg Prods.*, 821 F. Supp. 2d at 721.  This problem is particularly evident where Plaintiffs allege that a group of Defendants conspired across multiple formulations of a drug but fail to allege each Defendant's involvement in every formulation, or even that all Defendants manufactured all formulations.  For example, the United Healthcare Plaintiffs allege that Defendants Heritage, Lannett, Taro, Teva/Barr, and Zydus conspired to fix prices for "Acetazolamide."   United Healthcare Compl. ¶ 1126.  Plaintiffs concede that "Acetazolamide" is sold in two formulations that are manufactured by two different groups of Defendants: "tablets (manufactured by Taro and Lannett) and sustained-release capsules

---

[7] As explained at Part I, *supra*, the 271 drugs from the CVS Complaint identified in Exhibit 1 should be dismissed as to all Defendants because the Complaint contains no factual allegations concerning these drugs at all.

(manufactured by Heritage, Teva, and Zydus)." *Id.* ¶ 233. Unsurprisingly, given the lack of overlap between the manufacturers, Plaintiffs' allegations concerning "Acetazolamide" describe two *separate* conspiracies: one for Acetazolamide Tablets (*id.* at ¶¶ 234-67) and one for Acetazolamide Capsules (*id.* at ¶¶ 268-86). No factual allegations link Teva to an Acetazolamide *Tablets* conspiracy, or Lannett to an Acetazolamide *Capsules* conspiracy.[8] Therefore, Teva should be dismissed from the purported Acetazolamide *Tablets* conspiracy and Lannett should be dismissed from the purported Acetazolamide *Capsules* conspiracy. Other similar examples of improper linking of Defendants to conspiracies without factual allegations are set forth in Exhibit 3.[9]

This Court has previously held that for conspiracy claims to survive a motion to dismiss Plaintiffs must include plausible allegations of facts supporting the existence of a conspiracy. *See Generic Pharms. I*, 338 F. Supp. 3d at 450; *Generic Pharms. III*, 386 F. Supp. 3d. at 483-84. The conspiracy claims as to the Defendants in Exhibit 3 do not meet this standard. Plaintiffs bring no factual allegations regarding certain Defendants' involvement in the purported product conspiracies as to drugs identified in Exhibit 3. As a result, Plaintiffs have not "adequately alleged particularized facts that each Defendant undertook certain acts . . . that plausibly suggest that particular Defendant's embrace" of a conspiracy involving these drugs. *See In re Processed Egg*

---

[8] The JM Smith, Kroger, Molina, and Walgreens Complaints contain the same deficiency with respect to "Acetazolamide." *See* JM Smith Compl. ¶¶ 13, 318-34, 2900, Count 3; Kroger Compl. ¶¶ 295-311, 2877, Count 3; Molina Compl. ¶¶ 645-94, 3865, 4604; Walgreens Compl. ¶¶ 15, 291-307, 2848, Count 3.

[9] *See, e.g.*, United Healthcare Compl. ¶¶ 867-910, 1126 (combining allegations for Nystatin External Cream, External Ointment, and Tablets, and alleging no facts as to Teva with respect to Cream or Ointment, and no factual allegations as to Actavis as to Tablets); IRP III Compl. ¶ 454-61 (combining allegations for Ciclopirox Cream and Mometasone Cream, Ointment, and Solution, and alleging no facts as to Perrigo with respect to any of the Mometasone formulations).

*Prods.*, 821 F. Supp. 2d at 721.  Thus, the claims against the Defendants for the product-specific conspiracies listed in Exhibit 3 should be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss drug conspiracy claims without factual allegations identified in this Motion as detailed in Exhibits 1, 2, and 3.

Date: May 5, 2025                                        Respectfully submitted,[10]

/s/ *Sheron Korpus*
Sheron Korpus
Seth A. Moskowitz
Seth Davis
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals, Inc., Pliva, Inc., Actavis Elizabeth, LLC, Actavis Holdco U.S., Inc., and Actavis Pharma, Inc.*

---

[10] Defendants Alvogen, Inc.; Camber Pharmaceuticals, Inc.; Hikma Labs, Inc. f/k/a Roxane Laboratories, Inc. and West-Ward Columbus Inc f/k/a Boehringer Ingelheim Roxane, Inc. (collectively, with Hikma Labs, Inc., "Roxane"); Jubilant Cadista Pharmaceuticals, Inc.; Strides Pharma, Inc.; and Torrent Pharma Inc. (collectively, the "Newly Added Defendants") join this motion as it applies to *Providence St. Joseph Health* and *The Kroger Co.*  Because certain Newly Added Defendants already have pending motions to dismiss in the cases listed below, they respectfully request that the Court deem them to be movants for purposes of this motion in each of the cases in this footnote in which they are respectively named as Defendants. *See* Newly Added Defs.' Joint Mot. to Dismiss on Limitations Grounds, Case No. 19-cv-06011, ECF No. 109; 21-cv-01875, ECF No. 48; 21-cv-04474, ECF No. 22; 20-cv-06310, ECF No. 70; 19-cv-05819, ECF No. 81; 19-cv-04862, ECF No. 73; 20-cv-04370, ECF No. 81; 20-cv-00695, ECF No. 99; 20-cv-00231, ECF No. 85; 19-cv-06044, ECF No. 118; 20-cv-03367, ECF No. 80; 20-cv-06258, ECF No. 61; 20-cv-06290, ECF No. 60; *see also* Roxane's Mot. to Dismiss, Case No. 19-cv-06011,

14

---

ECF No. 110; 21-cv-01875, ECF No. 49; 21-cv-04474, ECF No. 23; 20-cv-06310, ECF No. 71; 20-cv-04370, ECF No. 80; 20-cv-03367, ECF No. 79; 20-cv-06258, ECF No. 60; 20-cv-00231, ECF No. 85.

Defendant Apotex Corp. joins this Motion to Dismiss in the following cases only: 21-cv-01875; 20-cv-04893; 21-cv-04474; 20-cv-06310; 20-cv-04370; 19-cv-005819; 19-cv-004862; 18-cv-00284; 20-cv-00695; 20-cv-00231; 23-cv-03636; 19-cv-00629; 20-cv-00542; 20-cv-06258; 20-cv-06290.

Defendant Breckenridge Pharmaceutical Inc. joins the Motion as it applies to the following cases: 19-cv-00629; 19-cv-04862; 19-cv-05819; 19-cv-06011; 20-cv-00065; 20-cv-00231; 20-cv-00695; 20-cv-04893; 20-cv-06290; 20-cv-06310; 21-cv-01875; 21-cv-04474; and 23-cv-03636.

Defendant G&W Labs Inc. ("G&W") does not join in the Motion as to 21-cv-04474, because G&W has not been served and has not agreed to accept service of process.

Defendant Padagis US LLC joins the Motion as it applies to 23-cv-03636.

Defendant Perrigo Company plc joins the Motion as it applies to the following cases: 19-cv-04862, 19-cv-05819, 20-cv-00695, and 20-cv-06310.

Defendant Valeant Pharmaceuticals International, Inc., joins the motion to dismiss with respect to the *JM Smith* (20-cv-04370) and *Walgreen* (20-cv-06258) cases. Because Defendant Valeant Pharmaceuticals International, Inc., has not been served and has not agreed to a waiver of service with respect to the following cases, it does not join the motion with respect to the *Kroger* 18-cv-00284), *County of Albany* (21-cv-01875), and *County of Westchester* (20-cv-04474) cases. Plaintiffs in *Kroger* (18-cv-00284) removed Defendant Valeant Pharmaceuticals International as a defendant in an amended complaint, so it does not join the motion with respect to that case.

Defendant Douglas Boothe, named in the IRP III and Hospitals Complaints, for the avoidance of doubt, joins in the brief's arguments as they relate to Perrigo and/or Actavis during the periods in which he was employed respectively by these parties.

Defendants David Berthold, Robin Hatosy (Strzeminski), Jill Nailor, and Konstantin Ostaficiuk join the Motion as it applies to the following cases: 19-cv-06044; 20-cv-06290; and 23-cv-03636.

<table>
<tr><td>

*/s/ James W. Matthews*
James W. Matthews
Katy E. Koski
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Tel:  (617) 342-4000
Fax:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com

Max B. Chester
Kate E. Gehl
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel:  (414) 271-2400
Fax:  (414) 297-4900
mchester@foley.com
kgehl@foley.com

Steven F. Cherry
April N. Williams
Claire Bergeron
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
april.williams@wilmerhale.com
claire.bergeron@wilmerhale.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel:  (215) 569-5644
Fax:  (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

</td><td>

*/s/ Jeremy A. Rist*
Jeremy A. Rist
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5361
Fax: (215) 832-5361
Email: jeremy.rist@BlankRome.com

*Counsel for Defendant Jubilant Cadista
Pharmaceuticals, Inc.*

*/s/ George G. Gordon*
George G. Gordon
Julia Chapman
Forrest Lovett
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-2382
Fax: (215) 655-2240
george.gordon@dechert.com
julia.chapman@dechert.com
forrest.lovett@dechert.com

D. Brett Kohlhofer
Christie Boyden
DECHERT LLP
1900 K Street NW
Washington, D.C.
Tel: (202) 261-3300
Fax: (202) 261-3333
d.brett.kohlhofer@dechert.com
christie.boyden@dechert.com

*Attorneys for Defendant Lannett Company,
Inc.*

</td></tr>
</table>

16

*/s/ Robin P. Sumner*
Robin P. Sumner
Michael J. Hartman
Melissa O'Donnell
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel. (215) 981-4000
Fax. (215) 981-4750
robin.sumner@troutman.com
michael.hartman@troutman.com
melissa.odonnell@troutman.com

*Counsel for Defendants Amneal*
*Pharmaceuticals, Inc., Amneal*
*Pharmaceuticals LLC, Hikma Pharmaceuticals*
*USA, Inc., Hikma Labs, Inc., Impax*
*Laboratories, LLC, West-Ward*
*Pharmaceuticals Corp., and West-Ward*
*Columbus Inc*


*/s/ Craig M. Reiser*
Craig M. Reiser
Eva H. Yung
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10011
Telephone: 212.728.2200
Fax: 212.728.2201
creiser@axinn.com
eyung@axinn.com

*Counsel for Defendant Alvogen, Inc.*

*/s/ Colin R. Kass*
Colin R. Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6890
Facsimile: (202) 416-6899
ckass@proskauer.com

Bradley I. Ruskin
David A. Munkittrick
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
bruskin@proskauer.com
dmunkittrick@proskauer.com

Meg Slachetka
Leiv Blad
COMPETITION LAW PARTNERS
601 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
meg@competitionlawpartners.com
leiv@competitionlawpartners.com

*Counsel for Defendant Lupin*
*Pharmaceuticals, Inc.*


*/s/ Steven E. Bizar*
Steven E. Bizar
John P. McClam
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-4000
steven.bizar@dechert.com
john.mcclam@dechert.com

*Counsel for Citron Pharma, LLC*

17

*/s/ Robin D. Adelstein*
Robin D. Adelstein
Mark A. Robertson
Kimberly Fetsick
Abigail Schwarz
Dewey Jude Gonsoulin, III
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
robin.adelstein@nortonrosefulbright.com
mark.robertson@nortonrosefulbright.com
kimberly.fetsick@nortonrosefulbright.com
abigail.schwarz@nortonrosefulbright.com
dewey.gonsoulin@nortonrosefulbright.com

Mark Angland
NORTON ROSE FULBRIGHT US LLP
779 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0200
Facsimile: (202) 662-4643
mark.angland@nortonrosefulbright.com

*Counsel for Defendants Bausch Health Americas, Inc.; Bausch Health US LLC; Oceanside Pharmaceuticals, Inc.; Valeant Pharmaceuticals International, Inc.; Valeant Pharmaceuticals International; and Valeant Pharmaceuticals North America, LLC*

*/s/ Donald W. Hawthorne*
Donald W. Hawthorne
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
T: 212-696-6949
dhawthorne@curtis.com

*Counsel for Defendant Breckenridge Pharmaceutical, Inc.*

*/s/ Chul Pak*
Chul Pak
Michael Sommer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
cpak@wsgr.com
msommer@wsgr.com

Seth C. Silber
Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
ssilber@wsgr.com
jbank@wsgr.com

*Counsel for Defendants Mylan Inc., Mylan Pharmaceuticals, Inc., Mylan N.V., UDL Laboratories, Inc., and Viatris, Inc.*

*/s/ Brian J. Smith*
Brian J. Smith
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, NW, 5th Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (866) 974-7329
brian.smith@wsgr.com
*Admitted only in Illinois & Maine

*Counsel for Defendant Mayne Pharma Inc.*

18

*/s/ Heather P. Lamberg*
Heather P. Lamberg
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
T: (202) 777-4797
E: heather.lamberg@freshfields.com

*Counsel for Defendant Camber*
*Pharmaceuticals, Inc.*


*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein
Whitney Cloud
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
ilana.eisenstein@dlapiper.com
whitney.cloud@dlapiper.com
ben.fabens-lassen@dlapiper.com

*Counsel for Defendants Pfizer Inc.*
*and Greenstone LLC*

*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
William S.D. Cravens
Molly R. Maidman
Y. Frank Ren
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
clay.everett@morganlewis.com
william.cravens@morganlewis.com
molly.maidman@morganlewis.com
frank.ren@morganlewis.com


Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
harvey.bartle@morganlewis.com

*Counsel for Defendants Perrigo New York,*
*Inc., Perrigo Company plc and*
*Padagis US LLC*


*/s/ Douglas M. Tween*
Douglas M. Tween
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 903-9072
douglas.tween@linklaters.com

*Counsel for Defendant Strides Pharma, Inc.*

19

*/s/ Dimitra Doufekias*
Dimitra Doufekias
Megan E. Gerking
Robert W. Manoso
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Tel.: (202) 887-1500
Fax: (202) 887-0763
ddoufekias@mofo.com
mgerking@mofo.com
rmanoso@mofo.com

Michael B. Miller
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900
mbmiller@mofo.com

*Counsel for Defendant Glenmark Pharmaceuticals Inc., USA in the following matters:*

*Kroger Co., et al. v. Actavis Holdco U.S., Inc. et al.* (18-CV-00284); *United HealthCare Services, Inc. v. Actavis Holdco U.S. Inc., et al.* (19-CV-00629); *SEIU National Benefit Fund, et al. v. Actavis Holdco U.S., Inc., et al.* (19-CV-06011); *Health Care Service Corp. v. Actavis Elizabeth, LLC, et al.* (19-CV-05819); *Humana Inc. v. Actavis Elizabeth, LLC, et al.* (19-CV-04862); *Reliable Pharmacy et al. v. Actavis Holdco U.S., Inc., et al.* (19-CV-06044); *Reliable Pharmacy v. Actavis Holdco U.S. Inc., et al.* (20-CV-06291); *MSP Recovery Claims, Series LLC, et al. v. Actavis Elizabeth, LLC, et. Al* (20-CV-00231); *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC, et al.* (20-CV-00695); *Rite Aid & Rite Aid Headquarters Corp. Inc. v. Actavis*

*/s/ David Fioccola*
Grant Esposito
David Fioccola
PROSKAUER ROSE LLP
Eleven Times Square New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
gesposito@proskauer.com
dfioccola@proskauer.com

Christopher Ondeck
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-5865
Fax: (202) 416-6899
condeck@proskauer.com

*Counsel for Defendants Sandoz Inc. and Fougera Pharmaceuticals Inc.*

*/s/ Peter G. Siachos*
Peter G. Siachos
GORDON REES SCULLY MANSUKHANI LLP
677 King Street, Suite 450
Charleston, SC 29403
Telephone: (843) 278-5900
Facsimile: (843) 804-4691
psiachos@grsm.com

Clair E. Wischusen
GORDON REES SCULLY MANSUKHANI LLP
277 S. Washington Street, Suite 550
Alexandria, VA 22314
Telephone: (703) 650-7030
Facsimile: (202) 800-2999
cwischusen@grsm.com

*Counsel for Defendant Epic Pharma, LLC*

20

*Holdco US Inc., et al.* (20-CV-00695); *J M Smith Corp. v. Actavis Holdco U.S., Inc., et al.* (20-CV-04370); *Walgreen Company v. Actavis Holdco U.S. Inc., et al.* (20-CV-06258); *Winn-Dixie Stores, Inc., et al. v. Actavis Holdco U.S., Inc., et al.* (20-CV-06290); *CVS Pharmacy, Inc., v. Actavis Elizabeth, LLC, et al.* (20-CV-06310); *County of Suffolk v. Actavis Holdco US, Inc., et al.* (20-CV-04893); *County of Albany, et al. v. Actavis Holdco U.S., Inc* (21-CV-01875); *County of Westchester v. Actavis Holdco U.S. Inc., et al.* (21-CV-04474)


/s/ *Leonard A. Gail*
Leonard A. Gail
Bruce W. Doughty
Brigid M. Carmichael
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, IL 60602
Phone: (312) 283-1590
Fax: (312) 379-0467
lgail@masseygail.com
bdoughty@masseygail.com
bcarmichael@masseygail.com

*Counsel for Defendants Glenmark Pharmaceuticals Inc., USA and Glenmark Generics, Inc., USA in the matter of Providence St. Joseph Health, et al. v. Actavis Holdco U.S., Inc., et al.* (23-CV-03636)

/s/ *John M. Taladay*
John M. Taladay
Christopher P. Wilson
Edward W. Duffy
JoAnna B. Adkisson
Michael A. Munoz
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
john.taladay@bakerbotts.com
christopher.wilson@bakerbotts.com
ed.duffy@bakerbotts.com
joanna.adkisson@bakerbotts.com
michael.munoz@bakerbotts.com

Matthew M. Hilderbrand
BAKER BOTTS LLP
401 South 1st Street, Suite 1300
Austin, TX 78704
Telephone: (512) 322-2500
Facsimile: (512) 322-3613
matthew.hilderbrand@bakerbotts.com

Lauri A. Kavulich
CLARK HILL PLC
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
lkavulich@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendants Sun Pharmaceutical Industries, Inc., Mutual Pharmaceutical Company, Inc., Taro Pharmaceuticals U.S.A., Inc. and Taro Pharmaceutical Industries, Ltd.*

21

/s/ Justin P. Murphy
Justin P. Murphy
Matt Schock
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20236
Telephone: (202) 861-1500
jpmurphy@bakerlaw.com
mschock@bakerlaw.com

Alyse F. Stach
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 568-3100
astach@bakerlaw.com

Kayley B. Sullivan
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
kbsullivan@bakerlaw.com

*Counsel for Defendants Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals, Ltd., and Satish Mehta except as to Providence St. Joseph Health, et al., v. Actavis Holdco U.S., Inc., et al., 23-cv-3636*

Aidan O'Connor
PASHMAN STEIN WALDER HAYDEN P.C.
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 270-4940
aoconnor@pashmanstein.com

*Counsel for Defendants Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals, Ltd., and Satish Mehta for Providence St. Joseph Health, et al., v. Actavis Holdco U.S., Inc., et al., 23-cv-3636*

/s/ Adam C. Hemlock
Adam C. Hemlock
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Email: Adam.Hemlock@weil.com

*Counsel for Defendant Torrent Pharma Inc.*

/s/ Devora W. Allon, P.C.
Devora W. Allon, P.C.
Alexia R. Brancato, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900
devora.allon@kirkland.com
alexia.brancato@kirkland.com

*Counsel for Defendant
Upsher-Smith Laboratories, LLC*

/s/ Clifford E. Katz
Clifford E. Katz
Damon W. Suden
Aaron J. Gold
KELLEY DRYE WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
ckatz@kelleydrye.com
dsuden@kelleydrye.com
agold@kelleydrye.com

*Counsel for Defendant Wockhardt USA LLC
and Morton Grove Pharmaceuticals, Inc.*

22

/s/ James A. Backstrom
James A. Backstrom
JAMES A. BACKSTROM, COUNSELLOR
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
Tel: (215) 864-7797
jabber@backstromlaw.com

*Counsel for Defendant Marc Falkin*


/s/ Robert J. Cleary
Robert J. Cleary
Amy N. Vegari
PATTERSON BELKNAP WEBB & TYLER
LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
rcleary@pbwt.com
avegari@pbwt.com

*Counsel for Defendant Rajiv Malik*


/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
GAGE SPENCER & FLEMING LLP
410 Park Avenue
New York, NY 10022
Telephone: (212) 768-4900
grgage@gagespencer.com

Fabien M. Thayamballi
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel. (212)-257-4891
fthayamballi@shapiroarato.com

*Counsel for Defendant Ara Aprahamian*

/s/ Jason R. Parish
Jason R. Parish
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW, Suite 300
Washington, D.C. 20006
Tel.:    (202) 452-7900
Fax:    (202) 452-7989
Email: jason.parish@bipc.com


Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219
Tel.:    (412) 562-8800
Fax:    (412) 562-1041
Email: bradley.kitlowski@bipc.com


Caroline B. Warren
BUCHANAN INGERSOLL & ROONEY PC
Carillon Tower
227 West Trade Street, Suite 600
Charlotte, NC 28202
Tel.:    (704) 444-3371
Fax:    (704) 444-3490
Email: caroline.warren@bipc.com

*Counsel for Defendant Zydus
Pharmaceuticals (USA) Inc. in all matters
except Providence St. Joseph Health, et al. v.
Actavis Holdco U.S., Inc., et al. (23-cv-03636)*


/s/ Terri A. Pawelski
Terri A. Pawelski
Spencer Osborne
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market St., 20th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 772-7284
tpawelski@mmwr.com

*Counsel for Defendant Zydus
Pharmaceuticals (USA) Inc., in Providence St.
Joseph Health, et al. v. Actavis Holdco U.S.,
Inc., et al. (23-cv-03636)*

23

*/s/ David Schertler*
David Schertler
Lisa Schertler
Tara Tighe
Schertler Onorato Mead & Sears, LLP
555 13th Street NW, Suite 500 West
Washington, DC 20004
Phone: (202) 628-4199
Fax: (202) 628-4177
dschertler@schertlerlaw.com
lschertler@schertlerlaw.com
ttighe@schertlerlaw.com

*Counsel for Defendant Konstantin Ostaficiuk*


*/s/ Michelle N. Lipkowitz*
Michelle N. Lipkowitz
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C .
555 12th Street NW
Suite 1100
Washington, DC 20004
(202) 434-7448
mnlipkowitz@mintz.com

*Counsel for Defendant Mitchell S. Blashinsky*


*/s/ Michael G. Considine*
Michael G. Considine
Laura E. Miller
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
considine@sewkis.com
millerl@sewkis.com

*Counsel for Defendant Jill Nailor*


*/s/ G. Robert Gage, Jr.*
Guy Petrillo
Christina Karam
Petrillo Klein + Boxer LLP
655 Third Avenue, 12th Floor
New York, New York 10017
(212) 370-0330
gpetrillo@pkbllp.com
ckaram@pkbllp.com

*Counsel for Douglas Boothe*


*/s/ Peter Ryan*
L. Barrett Boss
Thomas J. Ingalls
COZEN O'CONNOR, P.C.
2001 M Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 912-4818
Facsimile: (866) 413-0172
bboss@cozen.com
tingalls@cozen.com

Peter M. Ryan
COZEN O'CONNOR, P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

Rebecca Brodey
BOURELLY, GEORGE AND
BRODEY PLLC
1050 30th Street, NW
Washington, DC 20007
Telephone: (310) 500-6216
rebecca.brodey@bgblawyers.com

*Counsel for Defendant James Nesta*

24

/s/ Erica Weisgerber
Erica Weisgerber
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
eweisgerber@debevoise.com

Edward D. Hassi
Leah Martin
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

*Counsel for Defendant Hector Armando Kellum*

/s/ Meg Slachetka
Meg Slachetka
Leiv Blad
COMPETITION LAW PARTNERS
601 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 742-4300
meg@competitionlawpartners.com
leiv@competitionlawpartners.com

*Counsel for Defendant David Berthold*

/s/ Larry H. Krantz
Larry H. Krantz
Jerrold L. Steigman
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 661-0009
lkrantz@krantzberman.com
jsteigman@krantzberman.com

*Counsel for Defendant James Brown*

/s/ Jeffrey D. Smith
Jeffrey D. Smith
Alice M. Bergen
DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP
61 South Paramus Road
Paramus, New Jersey 07652
Telephone: (201) 907-5228
jsmisth@decotiislaw.com
abergen@decotiislaw.com

*Counsel for Defendant Robin Hatosy (Strzeminski)*

/s/ Stephan Matanovic
Stephan Matanovic (Pa. No. 83459)
Bailey Duquette P.C.
57 N. 2nd Street, 2nd Floor
Philadelphia, PA 19106
215.660.7600
stephan@baileyduquette.com

James Bailey
Bailey Duquette P.C.
104 Charlton St., 1W
New York, NY 10014
212.658.1946
james@baileyduquette.com

Darrell Prescott
Darrell Prescott Law Office P.C.
104 Charlton Street, 1-W
New York, NY
(917) 510-3165
dp@darrellprescott.com

*Counsel for Defendant G&W Laboratories, Inc.*

*/s/ Adam S. Lurie*
Adam S. Lurie
LINKLATERS LLP
601 Thirteenth Street, NW
Suite 400S
Washington, DC 20005
Telephone: (202) 654-9200
Facsimile: (202) 654-9210
adam.lurie@linkaters.com

Michael Pilcher
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
michael.pilcher@linklaters.com

*Counsel for Defendant Michael Perfetto*


*/s/ Jeffrey A. Brown*
Jeffrey A. Brown
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 698-3511
Fax: (212) 698-3599
jeffrey.brown@dechert.com

Stormie B. Mauck
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
stormie.mauck.dechert.com

*Counsel for Defendant David Rekenthaler*

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: 215-851-8100
Facsimile: 215-851-1420
tsuddath@reedsmith.com

*Counsel for Defendant Maureen Cavanaugh*


*/s/ Amy B. Carver*
Amy B. Carver
WELSH & RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
Tel: (215) 972-6430
abcarver@welshrecker.com

*Counsel for Tracy Sullivan DiValerio*


*/s/ Robert E. Welsh, Jr.*
Robert E. Welsh, Jr.
Richard D. Walk, III
WELSH & RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
Tel: (215) 972-6430
Fax: (985) 617-1021
rewelsh@welshrecker.com
rwalk@welshrecker.com

*Counsel for Defendant Kevin Green*

26

*/s/ W. Gordon Dobie*
W. Gordon Dobie
Frank A. Battaglia
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
wdobie@winston.com

Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN, P.C.
420 Lexington Ave. – Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories,*
*LLC*

*/s/ Calli Padilla*
Stephen A. Miller
Calli Jo Padilla
COZEN O'CONNOR P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-6938 (phone)
samiller@cozen.com
cpadilla@cozen.com

*Counsel for Defendant Richard Rogerson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I caused a copy of the foregoing to be served on counsel of record via the Court's CM/ECF system.

/s/ Sheron Korpus
Sheron Korpus

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals, Inc., Pliva, Inc., Actavis Elizabeth, LLC, Actavis Holdco U.S., Inc., and Actavis Pharma, Inc.*